1    Kimberly M. Drake, SBN: 209090
     JARVIS, FAY, DOPORTO & GIBSON, LLP
2    492 Ninth Street, Suite 310
     Oakland, CA 94607
3    Telephone: (510) 238-1400
     Facsimile: (510) 238-1404
4    kdrake@jarvisfay.com

5    Attorneys for Defendants
     PRESIDING JUDGE MARLA O. ANDERSON,
6    JUDGE THOMAS W. WILLS and TERESA A. RISI

7

8            **IN THE UNITED STATES DISTRICT COURT**

9         **AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11    DANIELE GOZZI,                 **CASE NO. CV-14-03297-LHK**

12             Plaintiff,        **NOTICE OF MOTION AND MOTION TO**
                                **DISMISS; MEMORANDUM OF POINTS**
13    v.                                **AND AUTHORITIES IN SUPPORT**
                                **THEREOF**
14    COUNTY OF MONTEREY, STATE OF     **[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]**
     CALIFORNIA, et al.,
15

16             Defendant.       Date: October 30, 2014
                                Time: 1:30 p.m.
17                                 Courtroom: 8, 4th Floor
                                Magistrate Judge: Hon. Lucy H. Koh
18

19                                 Action Filed: July 22, 2014

20

21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2

3      **TO PLAINTIFF DANIELE GOZZI, IN PRO PER:**

4      **PLEASE TAKE NOTICE THAT** on October 30, 2014, or as soon thereafter as the matter can

5  be heard in Courtroom 8, 4th Floor, of the above-captioned Court, located at 280 South First Street, San

6  Jose, California, Defendants Marla O. Anderson, Presiding Judge of the Superior Court of California,

7  County of Monterey, Thomas W. Wills, judge of the Superior Court of California, County of Monterey,

8  erroneously sued as "Thomas W. Willis," and Teresa A. Risi, Court Executive Officer for the Superior

9  Court of California, County of Monterey, hereinafter collectively referred to as "Judicial Defendants,"

10 will and hereby do move for an order dismissing Plaintiff Daniele Gozzi's "Civil Rights Complaint

11 Pursuant to 42 U.S.C. § 1983 (non-prisoners)" ("Complaint") against Judicial Defendants with prejudice

12 pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Rule 8 and Civil L.

13 R. 7-2.

14      The motion is brought on the following grounds:

15      1.      This Court lacks jurisdiction over Plaintiff's official-capacity damages claims against

16 Judicial Defendants pursuant to the Eleventh Amendment to the United States Constitution;

17      2.      Judicial Defendants—in their official capacity—are not "persons" who can be sued under

18 Section 1983;

19      3.      This Court lacks jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman*

20 doctrine to the extent Plaintiff is seeking review of a state court judgment of the Superior Court of

21 California, County of Monterey.  Additionally or alternatively, Plaintiff's equitable relief claims should

22 be dismissed under *Younger* abstention;

23      4.      The Plaintiff's claims for damages against Judge Anderson and Judge Wills are barred

24 because these judges are protected from suit by absolute judicial immunity, and Ms. Risi is protected by

25 quasi-judicial immunity;

26      5.      Plaintiff's declaratory/injunctive relief and any individual-capacity claims against

27 Judicial Defendants are untenable because it is unclear what relief is sought, how Judicial Defendants

28

1 are connected to the requested relief, or that Judicial Defendants have a legally cognizable interest in the

2 outcome.  Further, Plaintiff has an adequate remedy at law; and

3       6.     Plaintiff's remaining federal constitutional and 42 U.S.C. claims are implausible and

4 must be dismissed for failure to state a claim upon which relief may be granted against Judicial

5 Defendants.

6      This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum

7 of Points and Authorities, all pleadings and papers on file in this action, any matters of which this Court

8 may properly take judicial notice, and such other oral and written material as may be presented at or

9 before the motion is taken under submission by the Court.

10                           JARVIS, FAY, DOPORTO & GIBSON, LLP

11

12 Dated: August 13, 2014              By: _____/s/_____.

13                               Kimberly M. Drake
                              Attorneys for Defendants
14                               PRESIDING JUDGE MARLA O. ANDERSON,
                              JUDGE THOMAS W. WILLS and TERESA A. RISI

1

## TABLE OF CONTENTS

2

Page

3 I.   INTRODUCTION ..................................................................................... 1

4 II.   STATEMENT OF ISSUES TO BE DECIDED ...................................... 2

5 III.   STATEMENT OF FACTS ...................................................................... 2

6     A.   Summary of Complaint Allegations ................................................ 2

7     B.   Judicial Defendants ......................................................................... 4

8 IV.   LEGAL ARGUMENT ............................................................................. 5

9     A.   Legal Standards Applicable to Motion to Dismiss ......................... 5

10     B.   Plaintiff's Complaint Should be Dismissed .................................... 6

11         1.   Plaintiff's official-capacity damages claims against all Judicial
                Defendants are barred by Eleventh Amendment Sovereign

12                 Immunity ................................................................................... 6

13         2.   Plaintiff's official-capacity damages claims against all Judicial
                Defendants are barred because they are not "persons" who may be

14                 sued under section 1983 ........................................................... 7

15         3.   Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine or
                subject to dismissal based on *Younger* abstention ...................... 7

16

17         4.   Plaintiff's claims against Judge Anderson and Judge Wills are
                barred by absolute judicial immunity and Plaintiff's claims against
                Ms. Risi are barred by quasi-judicial immunity ........................... 9

18

19         5.   Plaintiff's Declaratory/Injunctive Relief Claims and Individual
                Capacity Claims Are Untenable ............................................... 10

20         6.   Plaintiff's Remaining Claims Are Not Plausible ..................... 11

21                 a.   Federal Constitutional Claims ...................................... 12

22                 b.   42 U.S.C. Civil Rights Action ...................................... 12

23                       i.   Failure to state section 1983 claim .................. 12

24                       ii.   Failure to state section 1985 claim .................. 13

25                       iii.   Failure to state section 1986 claim .................. 14

26                       iv.   Failure to state section 1981 claim .................. 14

27 V.   CONCLUSION ...................................................................................... 14

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

### Federal Cases

*Alvarez v. Hill*
   667 F.3d 1061 (9th Cir. 2012) ........................................................................10

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ................................................................................5, 6, 11

*Bd. of Trs. of Univ. of Ala. v. Garrett*
   531 U.S. 356 (2001) ...........................................................................................6

*Beentjes v. Placer County Air Pollution Control Dist.*
   397 F.3d 775 (9th Cir. 2005) .............................................................................6

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ................................................................................5, 6, 13

*Bradley v. Fisher*
   80 U.S. (13 Wall.) 335 (1872) ...........................................................................9

*Chaset v. Fleer/Skybox Int'l.*
   300 F.3d 1083 (9th Cir. 2002) ...........................................................................6

*Dacey v. Dorsey*
   568 F.2d 275 (2nd Cir. 1978) ...........................................................................14

*Doe & Associates Law Offices v. Napolitano*
   252 F.3d 1026 (9th Cir. 2001) ...........................................................................8

*Duvall v. County of Kitsap*
   260 F.3d 1124 (9th Cir. 2001) ......................................................................9, 11

*Ex Parte Young*
   209 U.S. 123 (1908) .........................................................................................10

*Federation of African Am. Contractors v. City of Oakland*
   96 F.3d 1204 (9th Cir. 1996) .............................................................................5

*Flint v. Dennison*
   488 F.3d 816 (9th Cir. 2007) .............................................................................6

*Grant v. Johnson*
   15 F.3d 146 (9th Cir. 1994) .............................................................................11

*Hafer v. Melo*
   502 U.S. 21 (1991) .............................................................................................7

*Howerton v. Gabica*
   708 F.2d 380 (9th Cir. 1983) ...........................................................................13

*In re the Justices of the Supreme Court of Puerto Rico*
   695 F.2d 17 (1st Cir. 1982) ...........................................................................11

*Karim-Panahi v. Los Angeles Police Dep't*
  839 F.2d 621 (9th Cir. 1988) ........................................................13

*Kentucky v. Graham*
  473 U.S. 159 (1985).......................................................................7

*Kokkonen v. Guardian Life Ins. Co. of Am.*
  511 U.S. 375 (1994).......................................................................5

*Kougasian v. TMSL, Inc.*
  359 F.3d 1136 (9th Cir. 2004) .......................................................7

*Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*
  440 U.S. 391 (1979).....................................................................12

*Mackey v. Pfeil*
  827 F.2d 540 (9th Cir. 1987) .........................................................8

*Mireles v. Waco*
  502 U.S. 9 (1991)...........................................................................9

*Monell v Department of Social Services of the City of New York, et al.*
  436 U.S. 658 (1978).......................................................................7

*Noel v. Hall*
  341 F.3d 1148 (9th Cir. 2003) .......................................................7

*Papasan v. Allain*
  478 U.S. 265 (1986).......................................................................6

*Pennhurst State Sch. & Hosp. v. Halderman*
  465 U.S. 89 (1984).........................................................................6

*Pennzoil Co. v. Texaco, Inc.*
  481 U.S. 1 (1987)...........................................................................8

*Pierson v. Ray*
  386 U.S. 547 (1967)...................................................................9, 11

*Sadorski v. Mosley*
  435 F.3d 1076 (9th Cir. 2006) .......................................................9

*Safe Air for Everyone v. Meyer*
  373 F.3d 1035 (9th Cir. 2004) .......................................................5

*San Remo Hotel, L.P. v. City and County of San Francisco*
  545 U.S. 323 (2005).......................................................................7

*Simmons v. Sacramento County Superior Court*
  318 F.3d 1156 (9th Cir. 2003) .......................................................6

*Somers v. Apple, Inc.*
  729 F.3d 953 (9th Cir. 2013) .........................................................5

*Sonoma County Ass'n of Retired Employees v. Sonoma County*
  708 F.3d 1109 (9th Cir. 2013) ...................................................6, 12

-iii-

*Stewart v. Minnick*
    409 F.2d 826 (9th Cir. 1969) ........................................................................... 10

*Stump v. Sparkman*
    435 U.S. 349 (1978) ....................................................................................... 9, 11

*Taylor v. List*
    880 F.2d 1040 (9th Cir. 1989) ........................................................................... 11

*Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*
    594 F.2d 730 (9th Cir. 1979) .............................................................................. 5

*Will v. Michigan Dep't of State Police*
    491 U.S. 58 (1989) .............................................................................................. 7

*Younger v. Harris*
    401 U.S. 37 (1971) .............................................................................................. 8

*Zixiang Li v. Kerry*
    710 F.3d 995 (9th Cir. 2013) ............................................................................... 5


**State Cases**

*Howard v. Drapkin*
    222 Cal.App.3d 843 (1990) ................................................................................ 9

*Stasz v. Schwab*
    121 Cal.App.4th 420 (2004) ................................................................................ 9


**Federal Statutes**

United States Constitution
    Fifth Amendment ............................................................................................... 12
    Eleventh Amendment ................................................................................. 1, 2, 6, 7
    Fourteenth Amendment ..................................................................................... 12

42 U.S.C.
    § 1981 ..................................................................................................... 2, 3, 12, 14
    § 1983 ......................................................................................................... passim
    § 1985 ......................................................................................................... passim
    § 1986 ..................................................................................................... 2, 3, 12, 14


**State Statutes**

California Constitution
    Article I, § 19 .................................................................................................... 12

California Code of Civil Procedure
    § 904.2 ............................................................................................................... 10

**Rules**

Federal Rules of Civil Procedure
    Rule 8(a)...................................................................................................................5, 6
    Rule 12(b) ................................................................................................................1, 5

**MEMORANDUM OF POINTS AND AUTHORITIES**

Judicial Defendants are two state court judges of the Superior Court of California, County of Monterey—Presiding Judge Marla O. Anderson and Judge Thomas W. Wills, erroneously sued as "Thomas W. Willis"—and Court Executive Officer Teresa A. Risi.  Judicial Defendants respectfully request that this Court dismiss the Plaintiff's Complaint against them pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    INTRODUCTION

Although the Complaint allegations are somewhat vague, Plaintiff appears to be contesting the result of unlawful detainer and related proceedings for premises located at 31549 Highway 1, Carmel, CA 93923.  The Complaint and miscellaneous papers attached to the Complaint reference two cases filed in the Superior Court of California, County of Monterey.[1]  Both cases appear to be pending.[2]

It appears Judge Anderson and Judge Wills received several letters from Plaintiff in the course of deciding matters in Plaintiff's cases and that Ms. Risi, in her official capacity as Clerk of the Court, issued a writ of execution.[3]  Their conduct, along with the conduct of several other governmental actors and private banks who are named in the Complaint, allegedly deprived Plaintiff of his property without due process under the U.S. and California Constitutions and violated his rights under the Fifth

---

[1] The first case is *J.P. Morgan Chase Bank CCP 1161 v. Gozzi,* Monterey County Superior Court Case No. M110621.  The second is Monterey County Superior Court Case No. M122326, *Gozzi v. Washington Mutual Bank FA et al.*  See Complaint filed on July 22, 2014 ("Cmplt."), ¶ 36; *see also* Plaintiff Daniele Gozzi's Declaration In Support of Ex Parte Application, Cmplt. Ex. 1-1, pgs. 12-14; Ex. 1-6, pgs. 8-10; Ex. 1-7, pgs. 8-10; Ex. 1-9, pgs. 8-10; Ex. 1-11, pgs. 4-6, at ¶¶ 3, 6.

[2] See Judicial Defendants' Request for Judicial Notice ("RJN"), Ex. A [case details for Case No. M110621] and RJN Ex. B [case details for Case No. M122326].

[3] Plaintiff wrote several letters to Judge Anderson with reference to Case No. M110621.  Copies of these letters appear in multiple places as exhibits to Plaintiff's Complaint.  *See* Cmplt., Ex. 1-8, pgs. 4-11, 23-26 [Letter to Judge Anderson dated July 14, 2014]; Ex. 1-5, pgs. 2-5, Ex. 1-6, pgs. 25-28, Ex. 1-8, pgs. 32-35 [Letter to Judge Anderson dated July 17, 2014]; Ex. 1-2, pgs. 9-17, Ex. 1-3, pgs. 2-10, Ex. 1-4, pgs. 2-8 [Letters to Judge Anderson dated July 22, 2014]; Ex. 1-2, pgs. 2-4 [Letter to Judge Anderson dated January 27, 2014].  Plaintiff wrote a letter to Judge Wills in Case No. M122326.  This letter appears in several exhibits to Plaintiff's Complaint.  *See* Cmplt., Ex. 1-6, pgs. 2-6, Exh. 1-7, pgs. 2-6, Ex. 1-9, pgs. 2-6, Ex. 1-11, pgs. 8-12 [Letter to Judge Wills dated July 9, 2014].  A facsimile to Ms. Risi dated July 14, 2014 is attached to the Complaint.  Ex. 1-8, pg. 29.  Her name is also affixed to the bottom of a writ of execution issued on June 23, 2014 in Case No. M110621, which is an exhibit to the Complaint.  *See* Cmplt., Ex. 1-11, pgs. 19-22.

1   Amendment. Plaintiff seeks $120 million in damages and equitable relief including an injunction

2   protecting his property rights and preventing trespass until the subject of his property rights is sorted out.

3       Nothing in the Complaint plausibly alleges a valid basis for liability against Judicial Defendants

4   and the Complaint should be dismissed against Judicial Defendants with prejudice.

5   **II.     STATEMENT OF ISSUES TO BE DECIDED**

6       1.     Are the claims asserted against Judicial Defendants—in their official capacity—barred by

7   the Eleventh Amendment?

8       2.     Are Judicial Defendants "persons" who can be sued under section 1983?

9       3.     Are the claims asserted against Judicial Defendants barred by the *Rooker-Feldman*

10  doctrine or, in the alternative, should they be dismissed based on *Younger* abstention?

11      4.     Are the claims asserted against Judge Anderson and Judge Wills barred by absolute

12  judicial immunity and the claims asserted against Ms. Risi barred by quasi-judicial immunity?

13      5.     Are Plaintiff's declaratory/injunctive relief and so-called individual-capacity claims

14  against Judicial Defendants tenable where it is unclear how Judicial Defendants are connected to the

15  requested relief, Judicial Defendants do not have a legally cognizable interest in the outcome, and

16  Plaintiff has an adequate remedy at law?

17      6.     Are the remaining federal constitutional claims and claims under 42 U.S.C. §§ 1981,

18  1983, 1985 and 1986 implausible?

19  **III.    STATEMENT OF FACTS**

20      **A.     Summary of Complaint Allegations**

21      Plaintiff lives at 31549 Highway 1, Carmel, CA 93923.  Cmplt., ¶ 3.  The Complaint names

22  Judicial Defendants, a number of other governmental entities and actors, J.P. Morgan Chase Bank, N.A.,

23  and the bank's employees or agents.  See Cmplt., at pgs. 1-3.

24      The Complaint appears to be based, in part, on unlawful detainer proceedings in Monterey

25  County Superior Court.  Cmplt., ¶¶ 35-48.  Plaintiff refers to the unlawful detainer proceedings (Case

26  No. M110621) in a declaration he prepared in another case he initiated against several banks including

27  J.P. Morgan Chase Bank, N.A. (Case No. M122326).  The declaration is attached to Plaintiff's

28

1    Complaint.  *See* Cmplt., Ex. 1-1, pgs. 12-14.  In Paragraph 1 of the declaration, Plaintiff "claim[s]

2    rightful title and possession of" the property described in Paragraph 3 of his Complaint.

3         In addition to the declaration, Plaintiff served several miscellaneous documents with his

4    Complaint which provide a glimpse into the underlying proceedings giving rise to Plaintiff's claims in

5    this case.  Those documents include at least three letters addressed to Judge Anderson (and others not

6    named in the Complaint).  In a letter addressed to Judge Anderson dated January 22, 2014, Plaintiff

7    asserts that there was a "fraudulent foreclosure" on his property, whose value exceeds five million

8    dollars, and that the actions used to obtain a judgment and subsequent writ of possession were also

9    illegal or fraudulent.  *See* Cmplt., Ex. 1-2, pgs. 16-17.  Plaintiff further objects to the eviction process,

10   claiming it was the result of fraud and that there were errors in the proceedings.  *Id.* at pg. 2.   In another

11   letter to Judge Anderson dated January 22, 2014, Plaintiff seeks to reverse a Writ of Possession and

12   Order for Eviction in that case and demands that his property be returned to him.  *See* Cmplt., Ex. 1-2,

13   pgs. 9-15.  In yet another letter, dated January 27, 2014, also addressed to Judge Anderson, Plaintiff

14   asserts that an eviction notice dated January 24, 2014 was "fraudulent and illegal."  *See* Cmplt., Ex. 1-2,

15   pgs. 2-4.  He further asserts that there is a "conflict of interest" because Judge Anderson's employer

16   allegedly invests in mortgage-backed securities through banks who "toss people out of their homes" to

17   fund its retirement and benefits system.  *Id.*  Plaintiff repeats this allegation in his Complaint in his

18   description of Judicial Defendants.  *See e.g.,* Cmplt., ¶¶ 11, 13, 21.

19        In a letter addressed to Judge Wills in Case No. M122326, dated July 9, 2014, Plaintiff claims

20   his home has been stolen through the "fraudulent practices" of J.P. Morgan Chase Bank, N.A. and its

21   attorneys, and requests a continuance of a mandatory settlement and trial setting conference pending an

22   investigation.  *See* Cmplt., Ex. 1-6, pgs. 2-6.

23        The Complaint identifies the following federal statutes—42 U.S.C. §§ 1981, 1983, 1985 and

24   1986—and is based on purported violations of the Fifth Amendment and unspecified due process rights

25   recognized under the U.S. and California constitutions in connection with the "taking" of Plaintiff's

26   property.  Cmplt., ¶¶ 29, 34, 35, 38, 41.

27        There are no separately labeled claims for relief and none specifically alleged against the

28   individual defendants.  Plaintiff alleges that he and his family have been living under "illegal eviction

orders" for months.  Cmplt., ¶¶ 43, 48.  He generally objects to and seeks review of the proceedings that resulted in his eviction.  Cmplt., ¶¶ 29, 30, 34, 35, 36, 37, 41, 43, 47.  He alludes to general wrongdoing, a conspiracy, and a flawed judicial process.  Cmplt., ¶¶ 42, 43, 47, 48.  He asserts that the proof resides in the public record.  *Id.*

Based on his allegations against all defendants, Plaintiff seeks $120 million in damages.  Cmplt., ¶ 49.  He also seeks equitable relief in the form of an order protecting his home, property and property rights from trespass pending an investigation of whether there has been compliance with due process in the underlying state court proceedings.  *Id.*

**B.    Judicial Defendants**

Plaintiff sues Marla O. Anderson in her individual and official capacity.  Cmplt., ¶ 13.  Although she is Presiding Judge for the Superior Court of California, County of Monterey, Plaintiff erroneously identifies her as an employee of the "County of Monterey, State of California" and a "private corporation":

> [Judge] Anderson claims to be a legitimate government servant under oath freely given to perform under the laws of California, duly sworn to uphold [the] California Constitution and the United States Constitution.  Yet defendant works for a private corporation, County of Monterey, is paid by a private corporation, and has retirement and benefits vested mortgage-backed securities through said private corporation and CAL PERS California State employees['] retirement system.  Conflict of interest arising to bribery evident.  *Id.*

Plaintiff sues Thomas W. Wills in his individual and official capacity, and in his title or position as "Supervising Judge, Civil and Family Law Division."  Cmplt., ¶ 21.  Although Judge Wills is a judge of the Superior Court of California, County of Monterey, Plaintiff erroneously alleges that he works at the "County of Monterey, State of California" and for a "private corporation."  *Id.*  The same Paragraph 13 of the Complaint asserted against Judge Anderson is asserted against Judge Wills.  *Id.*

Plaintiff sues Teresa Risi in her individual and official capacity, and in her title or position as Court Executive Officer.  Cmplt., ¶ 11.  Although Ms. Risi is Court Executive Officer for the Superior Court of California, County of Monterey, Plaintiff erroneously alleges that she works at "County of Monterey, State of California" and a "private corporation."  Here again, Plaintiff also repeats the above allegations he made about Judge Anderson and Judge Wills in Paragraphs 13 and 21.  *Id.*

1     Outside of the above allegations, there are no other factual allegations that remotely involve

2 Judicial Defendants.

3 **IV.   LEGAL ARGUMENT**

4     **A.   Legal Standards Applicable to Motion to Dismiss**

5     Judicial Defendants move to dismiss for lack of subject matter jurisdiction, pursuant to Federal

6 Rule of Civil Procedure 12(b)(1), and for failure to state a claim, pursuant to Rule 12(b)(6).  When a

7 defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff

8 bears the burden of proving that the court has jurisdiction to decide the claim.  *Thornhill Publ'n Co. v.*

9 *Gen. Tel. & Elecs. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).  Federal courts can only adjudicate cases

10 which the Constitution or Congress authorize them to adjudicate: cases involving diversity of

11 citizenship, or those cases involving a federal question, or where the United States is a party.  *See e.g.,*

12 *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

13     A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or

14 factual."  *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004).  Where an attack on

15 jurisdiction is a "facial" attack on the allegations of the complaint, as is the case here, the factual

16 allegations of the complaint are taken as true and the non-moving party is entitled to have those facts

17 construed in the light most favorable to him or her.  *Federation of African Am. Contractors v. City of*

18 *Oakland,* 96 F.3d 1204, 1207 (9th Cir. 1996).

19     "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal

20 theory or (2) fails to allege sufficient facts to support a cognizable legal theory.  *Somers v. Apple, Inc.,*

21 729 F.3d 953, 959-960 (9th Cir. 2013).  "Rule 12(b)(6) is read in conjunction with Rule 8(a), which

22 requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'"

23 *Zixiang Li v. Kerry,* 710 F.3d 995, 998-999 (9th Cir. 2013) (quoting in part *Bell Atl. Corp. v. Twombly,*

24 550 U.S. 544, 556 n. 3 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient

25 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

26 *Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).  "A claim has facial plausibility

27 when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

28

1   defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at

2   556).

3   Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's

4   obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and

5   conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550

6   U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

7   Where a complaint or claim is dismissed, leave to amend generally is granted, unless further

8   amendment would be futile.  If the allegations are insufficient to state a claim, a court should grant leave

9   to amend, unless amendment would be futile.  *Chaset v. Fleer/Skybox Int'l.,* 300 F.3d 1083, 1087-1088

10  (9th Cir. 2002); *see also Sonoma County Ass'n of Retired Employees v. Sonoma County,* 708 F.3d 1109,

11  1117 (9th Cir. 2013) (if there is strong evidence that amendment would be futile, a court should dismiss

12  the complaint without leave to amend).

13      **B.      Plaintiff's Complaint Should be Dismissed**

14              **1.      Plaintiff's official-capacity damages claims against all Judicial Defendants
                          are barred by Eleventh Amendment Sovereign Immunity**

15  This Court lacks subject matter jurisdiction because Plaintiff's claims against Judicial

16  Defendants are barred by the Eleventh Amendment to the United States Constitution.  "The Eleventh

17  Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Though

18  its language might suggest otherwise, the Eleventh Amendment has long been constrtued to extend to

19  suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks v. Sulphur*

20  *Springs Valley Elec. Coop.,* 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted); *see also*

21  *Beentjes v. Placer County Air Pollution Control Dist.,* 397 F.3d 775, 777 (9th Cir. 2005) (quoting *Bd. of*

22  *Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001)).

23  The Eleventh Amendent also bars damages actions against state officials in their official

24  capacity.  *Flint v. Dennison,* 488 F.3d 816, 824-825 (9th Cir. 2007); *see also Pennhurst State Sch. &*

25  *Hosp. v. Halderman,* 465 U.S. 89, 121 (1984) ("a claim that state officials violated state law in carrying

26  out their official responsibilities is a claim against the State that is protected by the Eleventh

27  Amendment."); *Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir. 2003)

28

(finding Eleventh Amendment bars suits against state superior court and its employees).  "Official-capacity suits … 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (citing *Monell v. Department of Social Services of the City of New York, et al.,* 436 U.S. 658, 690 n.55 (1978)).

Here, Plaintiff's purported claims for damages against two state court judges and the Court Executive Officer for the Superior Court of California, County of Monterey in their official capacities are barred by the Eleventh Amendment and, accordingly, should be dismissed with prejudice.

> **2.     Plaintiff's official-capacity damages claims against all Judicial Defendants are barred because they are not "persons" who may be sued under section 1983**

Plaintiff sues Judge Anderson, Judge Wills and Ms. Risi in their official capacities for damages under 42 U.S.C. § 1983.  However, state officials sued in their official capacity, like Judicial Defendants here, are not proper defendants in a section 1983 action because they are not "persons" who may be sued under section 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (barring state court § 1983 action); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (barring federal court § 1983 action).  Plaintiff's official-capacity damages claims against Judicial Defendants should therefore be dismissed.

> **3.     Plaintiff's Complaint is barred by the *Rooker-Feldman* doctrine or subject to dismissal based on *Younger* abstention**

Where Plaintiff's Complaint is contesting the result of state court proceedings that have ended, the Complaint is barred by the *Rooker-Feldman* doctrine.  It is well-established that federal district courts do not have jurisdiction to review decisions of or alleged errors committed by state courts, even errors involving constitutional issues.  *See San Remo Hotel, L.P. v. City and County of San Francisco,* 545 U.S. 323 (2005) (federal district courts do not have jurisdiction to review decisions of state supreme courts where it is alleged that the state court's judgment itself violates plaintiff's federal rights); *see also, e.g., Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir. 2004) (*Rooker-Feldman* doctrine prevents federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."); *Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal

1  court."); *Mackey v. Pfeil,* 827 F.2d 540, 543 (9th Cir. 1987) (federal district courts are courts of limited

2  jurisdiction and may not serve as appellate tribunals to review alleged errors committed by state courts,

3  even errors involving constitutional issues). "The purpose of the doctrine is to protect state [court]

4  judgments from collateral federal attack. Because district courts lack power to hear direct appeals from

5  state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review

6  the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d. 1026, 1030 (9th Cir.

7  2001) (quoting *Feldman*, 460 U.S. at 482 n.16.)

8      Here, Plaintiff alleges that the Superior Court erred in issuing orders under the unlawful detainer

9  statutes which resulted in Plaintiff's eviction. Cmplt., ¶¶ 29, 30, 34, 35, 36, 37, 41, 43, 47. He also

10  seeks relief in the form of a review of "the full record of these matters…for compliance with due

11  process." Cmplt., ¶ 49. Those challenges are appropriately asserted on a direct appeal from the

12  challenged orders and are barred from this Court by the *Rooker-Feldman* doctrine.

13      To the extent the Complaint suggests that the state court proceedings are still pending—Plaintiff

14  alleges that he and his family "have been living under illegal eviction orders for months" (Cmplt., ¶¶ 43,

15  48)—this Court should dismiss this action in favor of the pending state court proceedings based on

16  *Younger* abstention. *Younger v. Harris*, 401 U.S. 37, 49-53 (1971); *Pennzoil Co. v. Texaco, Inc.,* 481

17  U.S. 1, 14 (1987). In *Younger,* the Supreme Court held federal courts must refrain from enjoining a

18  parallel, pending state criminal proceeding (481 U.S. at 53-54) under "the basic doctrine of equity

19  jurisprudence that courts of equity should not act … to restrain a criminal prosecution, when the moving

20  party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.*

21  at 43-44. "[R]estraining equity jurisdiction within narrow limits," the Court observed, would "prevent

22  erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions." *Id.* at

23  44. The Court explained as well that this doctrine was "reinforced" by the notion of "'comity,' that is, a

24  proper respect for state functions." *Id.* Here, Plaintiff is essentially asking the Court to enjoin eviction

25  orders issued by the state court. Cmplt., ¶¶ 43, 48, 49. There is no indication in the Complaint that

26  Plaintiff is without an adequate remedy at law or will suffer irreparable injury. Based on *Younger* and

27  principles of comity, this Court may properly abstain and dismiss Plaintiff's Complaint.

28

1
2

**4.    Plaintiff's claims against Judge Anderson and Judge Wills are barred by absolute judicial immunity and Plaintiff's claims against Ms. Risi are barred by quasi-judicial immunity**

3      A state judge is absolutely immune from civil liability for damages for acts performed in his or

4   her judicial capacity.  *Pierson v. Ray,* 386 U.S. 547, 553-555 (1967) (applying judicial immunity to

5   actions under 42 U.S.C. § 1983).  Judicial immunity is an immunity from suit for damages, not just from

6   an ultimate assessment of damages.  *Mireles v. Waco,* 502 U.S. 9, 11 (1991).  Whether an act by a judge

7   is a judicial one relates to (1) the nature and function of the act and not the act itself, *i.e.,* whether it is a

8   function normally performed by a judge, and to (2) the expectations of the parties, *i.e.,* whether they

9   dealt with a judge in his judicial capacity.  *Stump v. Sparkman,* 435 U.S. 349, 362 (1978); *see also*

10  *Duvall v. County of Kitsap,* 260 F.3d 1124, 1133 (9th Cir. 2001) (other factors to consider in determining

11  whether a particular act is judicial include whether the events occurred in the judge's chambers, whether

12  the controversy centered around a case then pending before the judge, and whether the events arose

13  directly and immediately out of a confrontation with the judge in his or her official capacity).

14      "A judge will not be deprived of immunity because the action he took was in error, was done

15  maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in

16  the 'clear absence of all jurisdiction.'"  *Stump, supra,* 435 U.S. at 356-357 (citing *Bradley v. Fisher,* 80

17  U.S. (13 Wall.) 335, 351 (1872)); *see also Mireles,* 502 at 11 (judicial immunity is not overcome by

18  allegations of bad faith or malice); *Sadorski v. Mosley,* 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake

19  alone is not sufficient to deprive a judge of absolute immunity).

20      Absolute judicial immunity is also well-recognized under California law.  *See, e.g., Howard v.*

21  *Drapkin,* 222 Cal.App.3d 843, 851 (1990) (Absolute judicial immunity "bars civil actions against judges

22  for acts performed in the exercise of their judicial functions and it applies to all judicial determinations,

23  including those rendered in excess of the judge's jurisdiction, no matter how erroneous or even

24  malicious or corrupt they may be"); *Stasz v. Schwab,* 121 Cal.App.4th 420 (2004).

25      Plaintiff's claims against Judge Anderson and Judge Wills arise out of allegations that Plaintiff's

26  property was taken during a judicial process that was allegedly lacking in due process, or as a result of

27  "illegal" eviction orders.  Cmplt., ¶¶  36, 37, 43, 48.  To the extent Plaintiff is complaining about their

28  judicial acts and rulings they made while adjudicating cases or matters that were before them that

1   involved Plaintiff at the state court trial level, Judge Anderson and Judge Wills are protected from

2   Plaintiff's claims for damages by absolute judicial immunity.  Plaintiff's damages claims against Judge

3   Anderson and Judge Wills are, as a result, barred as a matter of law and must be dismissed.

4           Plaintiff's claims against Ms. Risi are similarly foreclosed because absolute immunity also

5   applies to governmental employees who perform quasi-judicial duties.  *See e.g., Stewart v. Minnick,* 409

6   F.2d 826 (9th Cir. 1969) (affirming order dismissing civil rights complaint against court clerk).  In

7   Paragraph 11 of the Complaint, Plaintiff refers to Ms. Risi's title and position for the Superior Court.

8   Plaintiff also attaches to the Complaint a writ of execution issued by Ms. Risi in her official capacity as

9   Clerk of the Court.  Cmplt., Ex. 1-11, pgs. 19-22.  No other specific facts are alleged against Ms. Risi

10  and none establish a violation of law or a constitutional right.  To the extent she is being sued for

11  performing a judicial function, and Plaintiff claims the writ should not have been issued, furthermore,

12  Ms. Risi is entitled to quasi-judicial immunity from personal liability for damages.  Plaintiff's claims

13  against her are therefore barred and should be dismissed.

14          **5.      Plaintiff's Declaratory/Injunctive Relief Claims and Individual Capacity
                        Claims Are Untenable**

15

16          Even if Plaintiff could assert his declaratory/injunctive relief claims against Judicial Defendants

17  his claims against them are unclear.  His claims are also asserted against parties who are not clearly

18  connected to the enforcement of any unconstitutional state action.  *See Ex Parte Young,* 209 U.S. 123,

19  157 (1908) (a state officer sued in his or her official capacity "must have some connection with the

20  enforcement of the act, or else it is merely making him [or her] a party as a representative of the State,

21  and thereby attempting to make the state a party.").  Judicial Defendants also do not and do not have a

22  legally cognizable interest in the outcome.  "Article III of the federal constitutional 'restricts federal

23  courts to the resolution of cases and controversies,' and requires that 'a justiciable case or controversy

24  … remain extant at all stages of review.'"  *Alvarez v. Hill,* 667 F.3d 1061, 1063-1064 (9th Cir. 2012)

25  (internal citations omitted).  A claim is moot "when the issues presented are no longer live or the parties

26  lack a legally cognizable interest in the outcome." *Id.* (citation omitted).  Here, even assuming Judicial

27  Defendants issued "illegal eviction orders" (Cmplt., ¶¶ 36, 41, 43, 48), Plaintiff could have appealed

28  from the challenged orders (*see e.g.,* Cal. Code Civ. Proc. § 904.2, subd. (a)) and Plaintiff's claims are

barred from this Court based on the *Rooker-Feldman* doctrine.  To the extent the orders are still

modifiable or the state court proceedings are ongoing—and they appear to be—this Court should

dismiss Plaintiff's Complaint on abstention grounds.  In either case, however, Judicial Defendants are

not proper parties to defend against Plaintiff's claims because they have no legally cognizable interest in

the outcome of the case based on the allegations in the Complaint.  S*ee e.g., In re the Justices of the*

*Supreme Court of Puerto Rico,* 695 F.2d 17, 21 (1ˢᵗ Cir. 1982); *Grant v. Johnson,* 15 F.3d 146, 148 (9ᵗʰ

Cir. 1994); *Wolfe v. Strankman,* 392 F.3d 358, 365 (9ᵗʰ Cir. 2004).

To the extent Plaintiff is suing Judicial Defendants in their individual capacity, there are no facts

to support such a claim.  The meager allegations in the Complaint, and the records attached to the

Complaint, actually confirm that Plaintiff is suing Judicial Defendants in their official capacity, for

actions taken with respect to Plaintiff's cases.  Plaintiff has also failed to sufficiently allege any basis for

respondeat superior liability, which does not exist under section 1983 in any event.  *See e.g., Taylor v.*

*List,* 880 F.2d 1040, 1045 (9ᵗʰ Cir. 1989) ("There is no respondeat superior liability under section

1983.").  Additionally, as stated above, Judge Anderson and Judge Wills are protected from Plaintiff's

claims based on absolute judicial immunity, and Ms. Risi based on quasi-judicial immunity, which can

encompass claims for declaratory/injunctive relief as well.  *See Pierson v. Ray,* 386 U.S. at 553-555;

*Stump,* 435 U.S. at 362; *Duvall v. County of Kitsap,* 260 F.3d 1124, 1133 (9ᵗʰ Cir. 2001)).

Plaintiff has failed to state a cognizable claim for declaratory/injunctive relief against Judicial

Defendants and his claims should therefore be dismissed.

### 6.    Plaintiff's Remaining Claims Are Not Plausible

Plaintiff has not pled sufficient facts to state plausible claims against Judicial Defendants and

amendment cannot cure the deficiencies in his Complaint.  The Supreme Court articulated a two-

pronged approach when analyzing whether a plaintiff states a plausible claim: (1) a court must first

identify legal conclusions that are merely a "formulaic recitation of the elements of a cause of action,"

because these conclusions are not entitled to the assumption of truth; and (2) a court must determine

whether there are factual allegations that plausibly suggest an entitlement to relief—that is whether the

allegations have "factual content that allows he court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663, 678-680.  Additionally, if there is strong

1    evidence that amendment would be futile, a court should dismiss the complaint without leave to amend.

2    *Sonoma County,* 708 F.3d at 1117.

3                                a.        **Federal Constitutional Claims**

4            Plaintiff alleges that all defendants violated the Fifth Amendment based on mere conclusions that

5    his property was taken without due process or notice.  Cmplt., ¶¶ 41-48.  Plaintiff's allegations do not

6    plausibly suggest an entitlement to relief.  The plausibility standard asks for "more than a sheer

7    possibility that defendant has acted unlawfully…" and a Complaint that pleads facts that are "'merely

8    consistent with' a defendant's liability" is insufficient to satisfy this standard.  *Iqbal,* 556 U.S. at 678.

9    Here, Plaintiff does not plead any facts that are consistent with a Fifth Amendment violation which

10   guarantees that private property shall not be taken for public use without just compensation.  *See* U.S.

11   Const. amend. V; *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency,* 440 U.S. 391, 399

12   (1979); *MacLeod v. County of Santa Clara,* 749 F.2d 541, 544 n.5 (9th Cir. 1984) (no § 1983 liability

13   because no property taken); *see also* Cal. Const., article I, § 19.

14           Plaintiff does not specifically claim violation of the Fourteenth Amendment.  Instead, he alludes

15   to "violation of due process" and vaguely asserts that he did not receive notice that his property would

16   be taken.  Cmplt., ¶¶ 38, 41, 43, 48.  Plaintiff does not state a cognizable Fourteenth Amendment claim

17   and amendment could not cure any deficiencies.  Like his previous constitutional claim, his allegations

18   are mere conclusions and he fails to establish what Judicial Defendants did or did not do, why their

19   actions were allegedly unlawful, or how Judicial Defendants violated his due process rights.  *Id.*  The

20   record also appears to contradict Plaintiff's constitutional claims insofar as Plaintiff has attached

21   documents showing that notice was provided.  *See* Cmplt., Ex. 1-11, pgs. 13-22.  Accordingly,

22   Plaintiff's constitutional claims against Judicial Defendants are not plausible and amendment would be

23   futile to cure the deficiencies.

24                                b.        **42 U.S.C. Civil Rights Action**

25           Plaintiff has not stated a cognizable claim under 42 U.S.C. §§ 1981, 1983, 1985 or 1986.

26                                i.        **Failure to state section 1983 claim.**

27           Under section 1983, "every person, who, under color of any statute … subjects, or causes to be

28   subjected, any citizen of the United states … to the deprivation of any rights, privileges, or immunities

-12-

1  secured by the Constitutional and laws, shall be liable to the party injured."  A plaintiff must show two

2  essential elements when pleading a section 1983 claim: (1) the defendant acted under color of state law;

3  and (2) the defendant caused plaintiff to be deprived of a right secured by the Constitution or the laws of

4  the United States.  *Howerton v. Gabica,* 708 F.2d 380, 382 (9th Cir. 1983).

5          As stated above, Judicial Defendants are not persons who can be sued under section 1983.  Nor

6  has Plaintiff sufficiently alleged that Judicial Defendants caused Plaintiff to be deprived of a

7  constitutional right.  Plaintiff alleges that he and his family have been living under "illegal eviction

8  orders" (Cmplt., ¶¶ 43, 48) and injured as a result of "wrongdoing by … judges" (Cmplt., ¶ 47), a

9  "conspiracy" (Cmplt., ¶ 42), and a flawed judicial process.  (Cmplt., ¶¶ 36, 38, 48.)  However, these are

10  vague, conclusory statements that are insufficient to state a claim against Judicial Defendants under

11  section 1983 and Rule 8.  *Twombly, supra,* 550 U.S. at 555.  There are no facts establishing what

12  Judicial Defendants did or did not do or how their actions were unlawful.  At most, the Complaint and

13  the documents attached to the Complaint suggest that Judge Anderson and Judge Wills ruled on motions

14  or issued orders affecting Plaintiff's property interests and that Ms. Risi was asked to issue a writ of

15  execution.  None of these facts leads to a reasonable inference that Judicial Defendants did anything

16  illegal or outside of the scope of their official roles.  Accordingly, Plaintiff has failed to plead a

17  cognizable section 1983 claim against Judicial Defendants.

18          **ii.          Failure to state section 1985 claim.**

19          Section 1985(3) provides a cause of action against officials who conspire for "the purposes of

20  depriving … any person or class of persons of the equal protection of the laws, or of equal privileges and

21  immunities under the laws."  To pursue a claim under section 1985(3), "a mere allegation of conspiracy

22  without factual specificity is insufficient."  *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621,

23  626 (9th Cir. 1988).  Here, Plaintiff does not provide factual specificity to support a claim under section

24  1985(3).  Plaintiff alleges generically against "all of the defendants" that there was a "conspiracy of

25  silence to cover up wrongdoing…." (Cmplt., ¶ 42.)   He does not plead any facts to plausibly show that

26  Judicial Defendants conspired together for the purpose of depriving him of the equal protection of the

27  laws or did anything illegal or outside the scope of their official roles.  *Id.*  Thus, Plaintiff has failed to

28  plead a cognizable claim under section 1985.

1

**iii.    Failure to state section 1986 claim.**

2     Section 1986 liability is predicated upon section 1985 liability, therefore, no claim for relief can

3  be stated under section 1986 unless a valid claim under section 1985 is established.  *See Dacey v.*

4  *Dorsey*, 568 F.2d 275 (2nd Cir. 1978), cert denied, 436 U.S. 906.  Plaintiff alleges that section 1986 is

5  involved in this action.  Cmplt., ¶ 35.  However, as stated above, Plaintiff has not stated a valid claim

6  under section 1985.  Without a valid section 1985 claim, it follows that Plaintiff has not stated a claim

7  for relief under section 1986.  His claim under section 1986 should therefore be dismissed.

8

**iv.    Failure to state section 1981 claim.**

9     The last issue with Plaintiff's 42 U.S.C. claims is whether Plaintiff has pled a claim under

10  section 1981, which states that all persons shall have the "same right in every State … to the full and

11  equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white

12  citizens."  In Paragraph 35 of the Complaint, Plaintiff refers to section 1981 and incoherently states that

13  the gravamen of his civil action is "due process prior to takings clause…."  However, Plaintiff does not

14  plead any facts to lead to a reasonable inference that Judicial Defendants did anything illegal or outside

15  of the scope of their official roles, and that they did so because of Plaintiff's race.  Nor does the record

16  support such allegations.  Plaintiff's section 1981 is not only inappropriately based on legal conclusions

17  and irrelevant material but also not plausible.  This claim should also be dismissed.

18     Insofar as Plaintiff is suing Judicial Defendants in their individual capacities, his claims cannot

19  stand.  As stated above, Judge Anderson and Judge Wills are entitled to absolute judicial immunity and

20  Ms. Risi is entitled to quasi-judicial immunity.

21  **V.    CONCLUSION**

22     For all of the foregoing reasons, Plaintiff's Complaint against Judge Marla O. Anderson, Judge

23  Thomas W. Wills and Teresa A. Risi, contesting the results of underlying state court unlawful detainer

24  proceedings, should be dismissed with prejudice.

25                                          JARVIS, FAY, DOPORTO & GIBSON, LLP

26  Dated: August 13, 2014          By:  _____/s/_____.
                                            Kimberly M. Drake
27                                          Attorneys for Defendants PRESIDING JUDGE
                                            MARLA O. ANDERSON, JUDGE THOMAS W.
28                                          WILLS and TERESA A. RISI

-14-

**CERTIFICATE OF SERVICE**

I, the undersigned, declare as follows:

I am a citizen of the United States and employed in the County of Alameda; I am over the age of eighteen years and not a party to the within entitled action; my business address is Jarvis, Fay,  Doporto & Gibson, LLP, 492 Ninth Street, Suite 310, Oakland, California 94607.

On August 13, 2014, I served the within:

**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

(X)     (By First Class Mail) I caused this envelope, with postage thereon fully prepaid, to be placed in the United States mail to be mailed by First Class mail at Oakland, California, to:

**Daniele Gozzi**
**225 Crossroads Blvd., #199**
**Carmel, CA 93923**

*Plaintiff*
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 13, 2014, at Oakland, California.

_____
/s/
Chelsea Torres