**BRYAN CAVE LLP**
Sharon Z. Weiss, California Bar No. 169446
Daniel T. Rockey, California Bar No. 178604
Goli Mahdavi, California Bar No. 245705
Ethan Schatz, California Bar No. 257919
560 Mission Street, 25th Floor
San Francisco, CA  94105-2994
Telephone:     (415) 675-3400
Facsimile:      (415) 675-3434
E-Mail:     sharon.weiss@bryancave.com
            daniel.rockey@bryancave.com
            goli.mahdavi@bryancave.com
            schatze@bryancave.com

Attorneys for Defendants
JPMORGAN CHASE BANK, N.A., BRYAN CAVE, LLP, SHARON Z. WEISS, DANIEL T. ROCKY, GOLI MAHDAVI, ETHAN SCHATZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Daniele Gozzi,<br><br>                    Plaintiffs,<br><br>     v.<br><br>COUNTY OF MONTEREY, STATE OF CALIFORNIA, C/O County Administrator, 168 West Alisal Street, 3rd Floor, Salinas, CA 93901,<br><br>Marla O. Anderson, Presiding Judge<br>Superior Court of California<br>240 Church Street<br>Salinas, CA  93901<br><br>Teresa Risi<br>Court Executive Officer<br>240 Church Street<br>Salinas, CA  93901<br><br>Assessor/Recorder/County Clerk<br>Stephen I. Vagnini<br>Monterey County Recorder-County Clerk<br>P.O. Box 29<br>Salinas CA  93902-0570<br><br>Auditor/Controller<br>Michael J. Miller<br>168 West Alisal Street, 3rd floor | Case No. 5:14-cv-03297 LHK<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**<br><br>Date:          October 30, 2014<br>Time:         1:30 p.m.<br>Dept.:         Courtroom 8, 4th Floor<br>                   280 South 1st St, San Jose, CA<br><br>Date Action Filed:  June 29, 2014<br>Trial Date: |

SF01DOCS\215409.1

1 | Salinas, CA  93901

2

3 | District Attorney
Dean Flippo
230 Church Street, Bldg. 2 & 3
4 | Salinas, CA  93901

5 | Sheriff/Coroner
Scott Miller
6 | 1414 Natividad Road
Salinas, CA  93906

7

8 | Treasurer/Tax Collector
Mary A. Zeeb
168 W. Alisal Street, 1st Floor
9 | Salinas, CA  93901

10 | Risk Management
Steve Mauck
11 | 168 W Alisal Street, 3rd Floor
Salinas, CA  93901

12

13 | Irv Grant
County Counsel
168 West Alisal Street, 3rd Floor
14 | Salinas, CA  93901

15 | Fernando Armenta
168 West Alisal Street, 2nd Floor
16 | Salinas, CA  93901

17 | Louis Calcagno
Castro Plaza
18 | 11140 Speegle St.
Castroville, CA  95012

19

20 | Simon Salinas
168 W. Alisal, 3rd Floor
Salinas, CA  93901

21

22 | Jane Parker
2616 1st Ave.
Marina, CA  93933

23

24 | Dave Potter
Monterey Courthouse
1200 Aguajito Rd., Ste. 1
25 | Monterey, CA  93940

26 | County Administrator
Lew C. Bauman
27 | 168 West Alisal Street, 3rd Floor
Salinas, CA  93901

28

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

SF01DOCS\215409.1                                         1
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

| | |
|---|---|
| 1 | |
| 2 | Clerk of the Board<br>Gail T. Borkowski |
| 3 | 168 West Alisal Street, 1st Floor<br>Salinas, CA  93901 |
| 4 | The Honorable Thomas W. Willis |
| 5 | Monterey Courthouse<br>1200 Aguajito Rd., Department 14<br>Monterey, CA  93940 |
| 6 | |
| 7 | BRYAN CAVE LLP<br>560 MISSION ST., 25TH FLOOR<br>SAN FRANCISCO, CA, 94105 |
| 8 | |
| 9 | SHARON Z. WEISS<br>560 MISSION ST., 25TH FLOOR<br>SAN FRANCISCO, CA, 94105 |
| 10 | |
| 11 | DANIEL T. ROCKY<br>560 MISSION ST., 25TH FLOOR<br>SAN FRANCISCO, CA, 94105 |
| 12 | |
| 13 | GOLI MONDAVI<br>560 MISSION ST., 25TH FLOOR<br>SAN FRANCISCO, CA, 94105 |
| 14 | |
| 15 | ETHAN SCHATZ<br>560 MISSION ST., 25TH FLOOR<br>SAN FRANCISCO, CA, 94105 |
| 16 | |
| 17 | JP MORGAN CHASE BANK, N.A.<br>270 PARK AVENUE<br>NEW YORK, NEW YORK  10017 |
| 18 | |
| 19 | Defendants. |

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

## I. INTRODUCTION

It is entirely unclear what Plaintiff Daniele Gozzi ("Plaintiff") seeks to compel. He did not propound any discovery or obtain any type of order requiring the Defendants to respond. Rather, Plaintiff complains that a motion to dismiss the complaint under Rule 12(b)(6) is an insufficient response to a complaint and that Defendants are required to file an answer. He then argues that the Court should require the Defendants to answer the complaint. Plaintiff's legal premise is simply wrong.

Moreover, the Plaintiff's Motion to Compel is procedurally defective. Among other errors, Plaintiff has not undertaken any effort to meet and confer regarding his Motion to Compel which is required before such a motion is filed. Nor has he properly set the matter for hearing.

Plaintiff's Motion to Compel should be denied.

## II. PROCEDURAL POSTURE OF THE CASE

Plaintiff filed the instant litigation on July 22, 2014. (Docket ("Dkt") # 1.) Defendants were served with Plaintiff's Complaint on July 23, 2014. (*Id*. # 45-50.) Defendants filed their 12(b)(6) Motion to Dismiss and supporting documents on August 13, 2014, with the hearing set for October 30, 2014. (*Id*. # 64-66.) Plaintiff filed his Motion to Compel on August 25, 2014. (*Id*. #70.) Defendants were not provided with any notice of a hearing date for Plaintiff's Motion to Compel, nor does the docket entry for this Motion reflect a hearing date. (*Id*.) Moreover, Plaintiff failed to oppose Defendants' Motion to Dismiss on or before August 27, 2014 as required. (*Id*. #64.) Defendants filed a timely Notice of Non-Opposition on September 2, 2014. (*Id*. #64, 77.)

## III. ARGUMENT

### A. Defendants Timely Filed Their 12(b)(6) Motion

Plaintiff's Motion to Compel requests that the Court compel Defendants to answer Plaintiff's Complaint. (*See* Motion, *generally*.) Under Rule 12(b) of the Federal Rules of Civil Procedure, "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

1  process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be
2  granted; and (7) failure to join a party under Rule 19." FRCP 12(b).  A motion made on any of the
3  grounds enumerated in Rule 12(b), "must be made before pleading if a responsive pleading is
4  allowed." FRCP 12(b); see *Aetna Life Ins. Co. v. Alla Med. Services, Inc*. (9th Cir. 1988) 855 F2d
5  1470, 1474.  Since Rule 12(a) requires responsive pleadings be filed within 21 days (or, in some
6  cases, 60 days) after service of the summons and complaint, a Rule 12(b) motion is timely if filed
7  any time before the answer or other responsive pleading is filed. *Aetna Life Ins. Co. v. Alla Med.*
8  *Services, Inc.*, 855 F2d at 1474.
9      Here, Plaintiff's Motion to Compel is without merit. After Plaintiff served his Complaint in
10 the instant matter, Defendants were required to file a responsive pleading such as an answer, <u>or a</u>
11 <u>12(b) Motion to Dismiss</u> within 21 days of service, placing the deadline for such a response on
12 August 13, 2014. (Dkt. # 45-50; Motion., 3:6-7.) Defendants timely filed their 12(b)(6) Motion to
13 Dismiss on August 13, 2104. (Dkt. # 64-66.) Plaintiff was required to file his opposition or
14 statement of non-opposition to Defendants' Motion to Dismiss on August 27, 2014, which
15 Plaintiff failed to do. (Dkt. # 77; Local Rule 7-3(a)(b).) Defendants' Motion to Dismiss is
16 currently scheduled for October 30, 2014, meaning that Defendants' do not need to file an answer
17 to Plaintiff's Complaint until sometime after the hearing on Defendants' Motion to Dismiss, if
18 Plaintiff's Complaint survives.
19     Plaintiff's Motion to Compel is both untimely and without merit, and Plaintiff cannot
20 compel Defendants to file an answer before a determination has been made on Defendants'
21 Motion to Dismiss. Therefore, Defendants respectfully request that the Court deny Plaintiff's
22 Motion to Compel.
23     **B.**    <u>**Plaintiff's Motion to Compel is Not Applicable to the Facts of the Case**</u>
24     Plaintiff references to FRCP 37(a)(4) in support for his Motion to Compel. (*See* Motion
25 *generally*.) FRCP 37(a)(4) relates to evasive or incomplete disclosures, answers or responses
26 related to discovery or disclosures pursuant to Rule 26. FRCP 37(a)(4). As discussed above,
27 Defendants opted to file a 12(b)(6) Motion to Dismiss Plaintiff's Complaint for failure to state a
28 claim. (Dkt., # 64-66.) There is no active discovery in this case, and there has not been any Rule

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA 94105-2994

26 disclosures, so Plaintiff's Motion to Compel is not applicable to the current facts of this case.

However, under FRCP 37(a), the "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FRCP 37(a)(1). Plaintiff's Motion to Compel does not contain <u>any</u> reference to meet and confer efforts with Defendants, nor has Plaintiff undertaken any such efforts related to his Motion to Compel with Defendants. (*See* Motion, *generally*.) Instead, Plaintiff's Motion to Compel is a misguided effort to have this Court order Defendants to answer before Defendants are required to answer under the FRCP, and while Defendants' Motion to Dismiss is pending. Plaintiff has a long history of abusing the legal process in his repeated attempts to stall his eviction, for which Defendants have set forth in detail with their Motion to Dismiss. (Dkt. # 64-65.) Plaintiff's Motion to Compel is yet another abusive filing Plaintiff has put in forth in this effort.

Because Plaintiff's Motion to Compel seeks relief not available to Plaintiff under the facts of this case, and Plaintiff made no effort to meet and confer before filing his Motion to Compel, Plaintiff's Motion to Compel fails. Therefore, Defendants request that the Court deny Plaintiff's Motion to Compel.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel. Plaintiff's Motion is untimely, defective, and without merit.

Dated: September 8, 2014   Respectfully submitted,

**BRYAN CAVE LLP**
Sharon Z. Weiss
Daniel T. Rockey
Goli Mahdavi
Ethan Schatz


By: /s/ Ethan Schatz_____
      Ethan Schatz
Attorneys for Defendants
JP MORGAN CHASE BANK, N.A., BRYAN CAVE, LLP, SHARON Z. WEISS, DANIEL T. ROCKY, GOLI MAHDAVI, ETHAN SCHATZ