Stephen L. Vagnini          CRREBECCA
Monterey County Recorder    1/07/2011
Recorded at the request of  14:46:13
**Filer**

DOCUMENT: **2011001665**



Titles: 1/ Pages: 12

Fees....    45.00
Taxes...
Other...     2.00
AMT PAID   $47.00

RECORDING REQUESTED BY

Daniele F. Gozzi

WHEN RECORDED MAIL TO

Ralph P. Guenther Esq
Duffy & Guenther
149 Bonifacio Place
Monterey, CA 93940

APN: 009-146-040
      009-231-005

THIS SPACE FOR RECORDER'S USE ONLY

## DISSOLUTION JUDGMENT
## COVER PAGE

**FL-180**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

A. DAVID PARNIE                                     36637
LAW OFFICE OF A. DAVID PARNIE
2100 GARDEN ROAD, SUITE I
MONTEREY, CA 93940
TELEPHONE NO.: (831) 649-4802        FAX NO.(Optional): (831) 649-1306
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PETITIONER DANIELE F. GOZZI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    COUNTY OF MONTEREY
STREET ADDRESS: 1200 AGUAJITO ROAD
MAILING ADDRESS: 1200 AGUAJITO ROAD
CITY AND ZIP CODE: MONTEREY, CA 93940
BRANCH NAME: MONTEREY BRANCH

FILED

SEP 2 2 2010

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT

D. MARTINELLI

MARRIAGE OF
PETITIONER: DANIELE F. GOZZI

RESPONDENT: ANITA M. GOZZI

| **JUDGMENT** | CASE NUMBER: |
|---|---|
| ☑ DISSOLUTION ☐ LEGAL SEPARATION ☐ NULLITY | DR 48847 |

☐ Status only
☐ Reserving jurisdiction over termination of marital or domestic partnership status
☐ Judgment on reserved issues
Date marital or domestic partnership status ends: 08-20-2010

1. ☐ This judgment ☐ contains personal conduct restraining orders ☐ modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on (date):

2. This proceeding was heard as follows: ☑ Default or uncontested ☐ By declaration under Family Code section 2336
   ☐ Contested   zo
   a. Date: August 30, 2010              Dept.: 13                Room:
   b. Judicial officer (name): Honorable Mark E. Hood        ☐ Temporary judge
   c. ☑ Petitioner present in court          ☑ Attorney present in court (name): A. David Parnie
   d. ☑ Respondent present in court        ☑ Attorney present in court (name): Paula Robinson
   e. ☐ Claimant present in court (name):                    ☐ Attorney present in court (name):
   f. ☐ Other (specify name):

3. The court acquired jurisdiction of the respondent on (date): June 21, 2009
   a. ☑ The respondent was served with process.
   b. ☐ The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. ☑ Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the status of single persons
      (1) ☑ on (specify date): August 20, 2010
      (2) ☐ on a date to be determined on noticed motion of either party or on stipulation.
   b. ☐ Judgment of legal separation is entered.
   c. ☐ Judgment of nullity is entered. The parties are declared to be single persons on the ground of (specify):

   d. ☐ This judgment will be entered nunc pro tunc as of (date):
   e. ☐ Judgment on reserved issues.
   f. The ☐ petitioner's ☐ respondent's former name is restored (specify):
   g. ☐ Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. ☑ This judgment contains provisions for child support or family support. Each party must complete and file with the court a
      *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
      court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
      of Rights and Responsibilities-Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
      Child Support Order* (form FL-192) is attached.

| | Page 1 of 2 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-180 [Rev. January 1, 2007] | **JUDGMENT**<br>(Family Law) | Family Code, §§ 2024, 2340,<br>2343, 2346<br>*www.courtinfo.ca.gov* |

Martin Dean's
ESSENTIAL FORMS™

GOZZI, DANIELE F.

| CASE NAME *(Last name, first name of each):* | CASE NUMBER |
|---|---|
| GOZZI, DANIELE F.<br>GOZZI, ANITA M. | JR 48847 |

4. *(Cont'd.)*

  i. ☐ A settlement agreement between the parties is attached.

  j. ☑ A written stipulation for judgment between the parties is attached.

  k. ☐ The children of this marriage or domestic partnership.

    (1) ☐ The children of this marriage or domestic partnership are:

      Name                                   Birthdate

    (2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership.

  l. ☑ Child custody and visitation are ordered as set forth in the attached

    (1) ☑ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).

    (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

    (4) ☐ other *(specify):*

  m. ☑ Child support is ordered as set forth in the attached

    (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☑ *Child Support Information and Order Attachment* (form FL-342).

    (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).

    (4) ☐ other *(specify):*

  n. ☐ Spousal or partner support is ordered as set forth in the attached

    (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☑ *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

    (3) ☐ other *(specify):*

**NOTICE:** It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

  o. ☑ Property division is ordered as set forth in the attached

    (1) ☑ settlement agreement, stipulation for judgment, or other written agreement.

    (2) ☐ *Property Order Attachment to Judgment* (form FL-345).

    (3) ☐ other *(specify):*

  p. ☐ Other *(specify):*

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: 9-22-2010

5. Number of pages attached: 9

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

JUDICIAL OFFICER

MARK E. HOOD

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

FL-180 [Rev. January 1, 2007]

*Martin Dean's*
**ESSENTIAL FORMS™**

**JUDGMENT**
(Family Law)

GOZZI, DANIELE F.

Page 2 of 2

**In Re Marriage of GOZZI**
**Stipulation for Judgment of**
**Dissolution of Marriage**
**Case No: DR 48847**

1.    <u>**DIVISION OF COMMUNITY PROPERTY ASSETS AND LIABILITIES:**</u>

(a) Petitioner, Daniele F. Gozzi, hereby transfers, assigns and conveys to Respondent, Anita M. Gozzi, any interest he may have in the following described assets:

1. Bank account standing in Respondent's name on deposit at Migros Bank Samag, Treuhand Kuoto, St. Gallen, consisting of approximately $40,000 which is the balance of Respondent's premarital Swiss Air retirement account.

2. Bank account standing in the name of Respondent on deposit at Wells Fargo with an approximate balance of $32,000.

3. All furniture, furnishings, and personal effects in Respondent's possession on the effective date of this Stipulation.

4. Ten thousand dollars ($10,000) from the MFS Investment account, receipt of which is acknowledged by Respondent.

5. One-half of the shareholder loans owed to the parties from Eurstyle.com, Inc. (_____); Gozzi Development, Inc. (_____); Mobili G., Inc. (_____).

6. The lease on the 2010 VW Tiguan automobile driven by Respondent and the vehicle itself shall belong to, and be the responsibility of, Respondent except that Petitioner shall pay the monthly lease payment and automobile insurance for the balance of the lease term. The lease expires in July 2013 and has a limitation of 12,000 miles per year, a total of 36,000 miles. Except for the monthly lease payment through the balance of the lease term, Respondent shall hold Petitioner harmless from any claims or liabilities relating to the VW automobile.

(b) Respondent, Anita M. Gozzi hereby transfers, assigns, and conveys to Petitioner, Daniele F. Gozzi any interest which she may have in the following described assets:

1. All furniture, furnishings and personal effects in the possession of Petitioner on the date hereon;

2. All ownership interest, including all shares, and all assets and liabilities of Eurstyle.com, Inc., except as set forth in Paragraph 1(a)5, hereinabove. Petitioner shall defend, indemnify and hold Respondent harmless from all claims, obligations,

Page -1-

**In Re Marriage of GOZZI**
**Stipulation for Judgment of**
**Dissolution of Marriage**
**Case No: DR 48847**

causes of action, debts and any other liabilities of Eurstyle.com, Inc. Respondent shall forthwith resign from any offices she holds in Eurstyle.com, Inc. And shall transfer all stock to Petitioner;

3. All ownership interests, including all shares, and all assets and liabilities of Gozzi Development, Inc., except as set forth in Paragraph 1(a)5, herienabove. Petitioner shall defend, indemnify and hold Respondent harmless from all claims, obligations, causes of action, debts and other liabilities of Gozzi Development, Inc. Respondent shall forthwith resign from any offices she holds in Gozzi Development, Inc. and shall transfer all stock to Petitioner;

4. All ownership interests, including all shares, and all assets and liabilities of Mobili G., Inc., except as set forth in Paragraph 1(a)5 hereinabove. Petitioner shall defend, indemnify and hold Respondent harmless from all claims, obligations, causes of action, debts and any other liabilities of Mobili G, Inc. Respondent shall forthwith resign from any offices she holds in Mobili G., Inc. and shall transfer all stock to Petitioner.

5. All ownership interests, including all shares, and all assets and liabilities of Riata Investments, LLC, except as set forth in Paragraph 1(a)5 hereinabove. Petitioner shall defend, indemnify and hold Respondent harmless from all claims, obligations, causes of action, debts and any other liabilities of Riata Investments, LLC. Respondent shall forthwith resign from any offices she holds in Riata Invstements, LLC and shall transfer all stock to Petitioner

6. One-half of the shareholder loans owing to the parties from Eurstyle.com, Inc., Gozzi Development, Inc., and Mobili G, Inc, and Riata Investments, LLC, as st forth more fully in Paragraph 1(a)5, hereinabove.

7. The ownership of MFS Investments, except for $10,000 receipt of which has been acknowledged by Respondent.

8. Legend Merchant Group account #812-01531.

9. 31567 Highway One, Carmel California, subject to the encumbrances thereon. Upon receipt of a Interspousal Transfer Deed from Respondent to Petitioner, he shall indemnify and hold her harmless from any obligations, debts and claims and conditions therein. *Shovld Petitioner sell THE PROPERTY FoR a het profit, then and in that event he shall pay Respondent the sum of the net profit or $100,000, whichever is lesser, The Court shall reserve jurisdiction over the Repayment of said Amount.*

Page -2-

In Re Marriage of GOZZI
Stipulation for Judgment of
Dissolution of Marriage
Case No: DR 48847

    (c) Each party shall pay his or her own debts, liabilities, and obligations incurred after June 11, 2009, the date of separation of the parties, except as set forth below which shall be paid for by Petitioner:

1. Audi Credit Card # ███████████-4887
2. United Mileage Plus #███████████-5117
3. United Mileage Plus # ███████████-5814
4. United Mileage Plus # ██████████-7654
5. Chase # █████████-8243
6. Chase # ████████-6306
7. Capital One #█████████-2768
8. Capital One # █████████-8112
9. Wells Fargo Visa # ██████████-5554
10. Advanta #████████-5221
11. B of A Visa # █████████-1464
12. Mercedes-Benz Visa # ████████-6933
13. B of A #███████7654-34
14. American Express #█████████-02005
15. American Express # █████████-02005

    (d) Each party shall pay, and shall defend, indemnify and hold the other party harmless from all liens, and encumbrances on any property transferred or conveyed to either of them as their separate property under the terms of this Stipulation. Each party shall pay, defend, indemnify and hold the other party harmless from all liabilities assumed by the parties, respectively, under the terms of this Stipulation. *Respondent shall indemnify AND hold Petitioner harmless from ANY Monies owing to Respondent's FATHER's estate or the holes thereof,*

    (e) The parties have lent monies to Eurstyle.com, to Gozzi Development, Inc., to Mobili G., Inc. The parties covenant and agree that these monies, whether evidenced by a promissory note or are carried on the books as an account payable to the parties, either alone or together, in the amounts set forth in Paragraph 1(a)5 hereinabove, shall be divided equally between them. Petitioner shall make those payments whenever said entities are able to do so after payment of a reasonable salary to Petitioner and after carefully deciding what the capital requirements are for each entity.

    If Petitioner and Respondent are unable to agree as to what amount constitutes a "reasonable salary to Petitioner" and/or "what the capital requirements are for each entity," and/or whether and when it is commercially reasonable to reimburse the parties all or a portion of the amounts owed by the respective entities, the opinion shall be made by a third party to the Monterey Superior Court to be selected as follows:

**In Re Marriage of GOZZI**
**Stipulation for Judgment of**
**Dissolution of Marriage**
**Case No: DR 48847**

Petitioner shall identify three certified public accountants, all of whom are qualified to testify as an expert witness on the issue of reasonable income, and/or reasonable capital requirements of the respective entities. Respondent shall select, in order of preference, the accountants. The accountants so selected by Respondent, shall be called upon in order of Respondent's preference to determine Petitioner's reasonable income, and the reasonable capital requirements of the respective entities, and whether and when it is commercially reasonable to reimburse the parties all or a portion of the amounts owed them by the respective entities. Petitioner shall advance the cost of the accountant's fees, subject to the reallocation by the Court, which shall be paid to the prevailing party as determined by the Court.

The Monterey County Superior Court shall retain jurisdiction over the determination of reasonable compensation to Petitioner, reasonable capital requirements of the respective entities, timing and amount(s) of reimbursements to the parties from the respective entities, receive the opinions of the accountant as set forth above, and to make any orders the Court deems necessary or appropriate to carry out the intent of the parties as set forth herein. The Monterey County Superior Court shall retain jurisdiction over these issues until the parties have been reimbursed in full by the respective entities.

For so long as the shareholder loans remain unsatisfied, Petitioner shall manage and operate the business entities in a commercially reasonable manner. Petitioner shall provide Respondent, on or before December 31st of each and every year, a year end profit and loss statement and balance sheet for the preceding year for each entity with a balance still owed to the parties. Within ten (10) days of filing state and federal income tax returns for each entity, Petitioner shall provide Respondent with full and complete copies of state and federal income tax returns for each entity. Nothing contained herein shall preclude Petitioner from terminating or selling the entities. Each party shall be responsible for, and indemnify the other from any state or federal taxes paid to them pursuant to the subparagraph (e).

(f) The parties shall continue to co-own and hold as tenants in common the following real property:

1. 25691 Mesa Drive, Carmel, California, subject to the encumbrance thereon, which is presently in a short sale pending approval from Chase Bank.

2. 24793 Santa Rita Road, Carmel, California, subject to the encumbrance thereon, which is presently in a short sale pending approval from Chase Bank.

3. The residence at 24769 Santa Rita Road, Carmel, has been foreclosed and is not presently owned by the parties.

**In Re Marriage of GOZZI**
**Stipulation for Judgment of**
**Dissolution of Marriage**
**Case No: DR 48847**

The Court shall reserve jurisdiction over these properties, including the property(ies), the sale of the property(ies), the short sale of the property(ies), the encumbrances thereon and either parties' right to reimbursement arising from the co-ownership of the properties.

The parties agree to cooperate with one another in any loan modifications, refinances, short sales, or normal sales of these properties, and to assist in maximizing the value of the properties in any way possible. The parties agree that they are each a fiduciary for the other while these properties are jointly owned by them.

(g) Petitioner and Respondent shall each execute any and all papers, records, documents, including any deeds, assignments, deeds of trust, promissory notes, bills of sale, consents, waivers, or other instruments that may be necessary or appropriate to implement the express terms of this Stipulation.

(h) This Stipulation, and any judgment of dissolution of marriage that may be entered incorporating this Stipulation, shall be sufficient deed, conveyance, assignment, grant, transfer, and bill of sale of any and all right, title, interest, claims and demands of every kind and description covered by the express terms of this Stipulation.

## 2. CHILD CUSTODY AND VISITATION:

(a) The parties shall share joint legal custody of their minor children: Benjamin D. Gozzi, born April 29, 1999; Alessandra M. Gozzi, born April 29, 1999; and Manual D. Gozzi, born March 25, 2002. Primary physical custody shall be with Respondent, subject to Petitioner's right of reasonable visitation with the children. Petitioner and Respondent acknowledge the need to be flexible with regard to Petitioner's timeshare with the children, with Petitioner's visitation depending, in part, on Petitioner's work schedule and the children's educational and extracurricular activities. The parties both agree, however, that it is important that the children spend time with Petitioner on a regular and ongoing basis.

(b) The parties agree that neither party will take the children out of the State of California without the other party's express written consent or order of the Court. The parties further agree that the Monterey County Superior Court shall have jurisdiction over the children for all purposes through their majority, and the passports for said children shall be deposited with Paula Robinson, Esq., to be released by her only upon the written consent of both parties or by order of the Monterey County Superior Court for the State of California. The parties will renew said passports and shall pay equally the cost of renewal.

**In Re Marriage of GOZZI**
**Stipulation for Judgment of**
**Dissolution of Marriage**
**Case No: DR 48847**

*commencing april 1, 2010*

### 3.    FAMILY SUPPORT:

The parties agree that on the first of the month following execution of this Stipulation by both parties, Petitioner shall pay to Respondent, as and for family support, the sum of Fifteen Hundred Dollars ($1,500) per month, payable on the first of each and every month, and continuing until the death of Petitioner or Respondent, the remarriage of Respondent, or until further order of the Court. *Tax free to Respondent*

As and for additional family support, Petitioner shall pay the cost of health insurance for the parties' minor children.  The parties shall pay equally the unreimbursed medical, dental, optical, hospital and orthodontia for the minor children.  Petitioner shall continue to pay for Respondent's cell phone.

The parties further agree that all uninsured medical expenses and child care expenses incurred that allow the custodial parent to work shall be shared equally between the parties.  All agreed upon extracurricular activities for the children shall be shared equally between the parties.

~~All family support payments shall be deductible to Petitioner and shall be included as income on Respondent's state and federal income tax return~~s.

The parties acknowledge and agree that Petitioner is currently in a precarious financial position, and that the family support stipulated to herein is significantly below the marital standard of living.  If, and when, Petitioner recovers from the economic downturn, upon request of Respondent, support for Respondent and the parties' three children will be reviewed and support shall be determined taking into consideration the parties' marital standard of living.

### 4.    REIMBURSEMENTS:

Except as specifically provided to the contrary in this Stipulation, each party waives all rights to reimbursement for the following:

        i        Epstein Credits *[Re Marriage of Epstein (1979) 24 Cal 3d 76, 154 Cal Rptr 413, 592 P2d 1165]* and all rights of reimbursement to which a party may be entitled as a result of the payment of community obligations since the date of separation;

        ii      Watts Credits *[In re Marriage of Watts (1985, 5th Dist) 171 Cal App 3d 366, 217 Cal Rptr 301]* and all rights of rights of reimbursement to which a party or the community may be entitled as a result of one party's use of community assets since the date of separation;

Page -6-

**In Re Marriage of GOZZI**
**Stipulation for Judgment of**
**Dissolution of Marriage**
**Case No: DR 48847**

iii      All rights to reimbursement, under Family Code section 2640 or otherwise, for separate property contributed to the acquisition or maintenance of community property;

## 5.    LEGAL REPRESENTATION AND PAYMENT OF ATTORNEYS FEES:

(a) Petitioner has retained A. David Parnie to advise him with respect to the negotiations and preparation of this Stipulation, and with respect to the legal proceeding for the dissolution of the marriage of the parties.

(b) Respondent has retained Paula Robinson to advise her with respect to the negotiations and preparation of this Stipulation, and with respect to the legal proceeding for the dissolution of the marriage of the parties.

(c) Each party shall pay their own attorney fees and costs not heretofore paid, incurred in connection with respect to the legal proceeding for the dissolution of the marriage of the parties in such amounts and on such terms and conditions as may be agreed upon by the parties and their respective attorneys.

## 6.    GENERAL PROVISIONS

(a) Petitioner and Respondent hereby expressly waive any and all right which they may have to inherit the estate of the other party at his or her death, or to take the property of the other party by devise or bequest, or to claim any right to any interest in the property or estate of the other party, except as a creditor, unless under the terms of a will executed after the effective date of this Stipulation. In addition, Petitioner and Respondent waive any right or claim they may have to any family allowance, or probate homestead, or to act as the executor or executrix of the will of the other party, except under a will executed after the effective date of this Stipulation.

(b) This Stipulation shall insure to the benefit of, and be binding upon the parties and their respective heirs, executors, administrators, assignees, or successors in interest.

(c) This Stipulation is entire, and is intended to be, and is, a full, complete, and final settlement between the parties of any rights or claims which they may have against each other arising out of their marriage to each other, or the termination of their marriage. All property rights, support rights, and all other rights and obligations arising out of the marriage of the parties, or any source whatsoever have been, and now are, compromised and settled once and forever.

**In Re Marriage of GOZZI**
**Stipulation for Judgment of**
**Dissolution of Marriage**
**Case No: DR 48847**

(d)  This Stipulation shall not be altered, amended, or modified except by an instrument in writing signed by both Petitioner and Respondent.

(e)  Each party hereby warrants that they have made a full and complete disclosure to each other of the description and value of all real and personal property in which they acquired any interest during their marriage.  If it is subsequently determined by a Court of competent jurisdiction that either party owned or had acquired during their marriage any interest in any real or personal property of any nature or description which is not described in this Stipulation, then the party owning or otherwise possessing any such undisclosed property shall pay to the other, on demand, a sum equal to one-half the fair market value of that property as of the effective date of this agreement, plus interest on that sum at the rate of ten percent per year until paid.

(f)  The Court shall expressly reserve jurisdiction to make any orders that may be necessary or appropriate to enforce the express terms and provisions of the Stipulation.

**THE FOREGOING IS AGREED TO BY:**

DATED: _8/20/2010_

DANIELE E. GOZZI, Petitioner

DATED: _8/20/2010_

ANITA M. GOZZI, Respondent

Page -8-

In Re Marriage of GOZZI
Stipulation for Judgment of
Dissolution of Marriage
Case No: DR 48847

## WAIVER OF FINAL DISCLOSURE:

Pursuant to Family Code Section 2105, each of us has fairly and with honesty disclosed to the other all material facts and information regarding the characterization of the property in which he or she has a claim or interest, including separate property and joint property.

We have fully disclosed to each other all material facts and information regarding the value of all of our property to the best of our knowledge, including any facts known to us at this time which might later affect the value of the property.

We have also disclosed to each other fairly and with honesty all information relevant to any debts or obligations for which either of us or our property is now or may become liable.

Finally, each of us has fairly and with honesty disclosed to the other all material facts and information relevant to his or her earnings, accumulations, expenses, standard of living, and financial condition, including the source and amount of all income received by each of us since we separated.

Each of us specifically acknowledges these disclosures and waives the requirement of service of a Final Declaration of Disclosure and Income and Expense Declaration.

DATE: 08/20/2010

_____
DANIELE F. GOZZI, Petitioner

DATE: 08/20/2010

_____
ANITA M. GOZZI, Respondent



I HEREBY CERTIFY THAT THE FOREGOING DOCUMENT IS A
TRUE COPY OF THE ORIGINAL ON FILE IN MY OFFICE.
DATE         JAN 0 7 2011
CONNIE MAZZEI, CLERK OF THE SUPERIOR COURT
BY_____DEPUTY
OSCAR RESENDEZ