1  Kimberly M. Drake, SBN: 209090
   JARVIS, FAY, DOPORTO & GIBSON, LLP
2  492 Ninth Street, Suite 310
   Oakland, CA 94607
3  Telephone: (510) 238-1400
   Facsimile: (510) 238-1404
4  kdrake@jarvisfay.com

5  Attorneys for Defendants
   JUDGE MARLA O. ANDERSON, JUDGE
6  THOMAS W. WILLIS, and TERESA RISI

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| DANIELE GOZZI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF MONTEREY, STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendant. | **CASE NO. CV-14-03297-LHK**<br><br>**CASE MANAGEMENT STATEMENT**<br><br>[Hearing] Date: December 10, 2014<br>Time: 2:00 p.m.<br>Courtroom:<br>Judge: Hon. Lucy H. Koh<br><br>Date Filed: July 22, 2014 |

Defendants Hon. Marla O. Anderson, Hon. Thomas W. Wills, erroneously sued as "Thomas W. Willis," and Teresa A. Risi ("Judicial Defendants") respectfully submit this Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9 in advance of the Case Management Conference set for December 10, 2014.

Because Plaintiff Daniele Gozzi is proceeding in pro se, Judicial Defendants have opted to submit a separate Case Management Statement pursuant to Civil Local Rule 16-9(a).

Rule 12(b) Motion to Dismiss (ECF No. 62) is pending. The Court has taken the matter under submission. (ECF No. 89.)

**1. Jurisdiction and Service**:

Judicial Defendants have moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds Plaintiff's purported claims do not raise a federal question capable of redress by this Court and are barred by *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989), the *Rooker-Feldman* doctrine or related abstention doctrines, and the doctrine of judicial immunity. The injunctive relief claims are also unclear and possibly moot.

Judicial Defendants were properly served and/or are not objecting to service.

**2. Facts:**

Plaintiff alleges in his Complaint and documents submitted with this Complaint that a mortgage lender wrongfully foreclosed on his home, and that subsequent actions used to obtain a judgment and writ of possession were "illegal" or "fraudulent." (Cmplt., ¶¶ 35-48; Plaintiff's Request for Judicial Notice ("RJN"), Exhs. A, F-1, F-2, F-3.) Alluding to general wrongdoing, a conspiracy and a flawed judicial process, in conclusory language, Plaintiff further alleges that he has been subjected to "illegal eviction" orders" and seeks review of the state court unlawful detainer or eviction proceedings (Monterey County Superior Court Case No. M110621), and rulings made in a separate civil action he initiated against the mortgage lender and other parties (Monterey County Superior Court Case No. M122326). (Cmplt., ¶¶ 29, 30, 34, 35, 36, 37, 41, 42, 43, 47, 48.) Based on these facts, Plaintiff seeks $120 million in damages and equitable relief against approximately twenty-five individuals and entities including the mortgage lender and related parties, attorneys, judges, and county agencies and county officials. (Cmplt., pp. 1-3, ¶ 49.)

**3. Legal Issues:**

Judicial Defendants contend the Complaint fails to state facts constituting any cognizable or plausible claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 62 (2009). Even assuming Plaintiff has stated a claim, furthermore, Plaintiff cannot sue Judicial Defendants because his damages claims against state officers are barred by the Eleventh Amendment, *Will, supra,* 491 U.S. at 70-71, and *Bair v. Krug,* 853 F.2d 672, 675 (9th Cir. 1988), and because Judicial

Defendants are protected from Plaintiff's claims by, among other things, the doctrine of judicial immunity (*Pierson v. Ray,* 386 U.S. 547, 553-555 (1967); *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Duvall v. County of Kitsap,* 260 F.3d 1124, 1133 (9th Cir. 2001)) and the doctrine of quasi-judicial immunity (*Stewart v. Minnick,* 409 F.2d 826 (9th Cir. 1969); *see also Tate v. Superior Court*, 45 Cal.App.3d 925, 929 (1975)).

**4.     Motions:**

All Defendants have filed motions to dismiss, which are pending before the Court. (ECF Nos. 59, 64, 73.)

**5.     Amendment of Pleadings:**

Only the original complaint is on file.  Judicial Defendants would oppose any amendment.

**6.     Evidence Preservation:**

Judicial Defendants have fulfilled their duties to preserve documents and electronically-stored information.

**7.     Disclosures:**

Because it is not entirely clear what the legal issues are in this case, and what evidence may exist in response to Plaintiff's allegations against Judicial Defendants, and Judicial Defendants believe this case will be resolved on the motion to dismiss, Judicial Defendants have not served initial disclosures.

**8.     Discovery:**

Because Judicial Defendants believe this case will be resolved on the motion to dismiss, no discovery has been conducted.

**9.     Class Actions:**

N/A.

**10.    Related Cases:**

Judicial Defendants are not parties to any other cases involving Plaintiff.  However, based on Plaintiff's pleadings and a party search on Pacer Case Locator, Plaintiff is a party to several underlying state court proceedings that are or were pending in the Superior Court of California, County of Monterey—Monterey County Superior Court Case Nos. GNM110621, GNM115166 and

GNM122326—and several bankruptcy cases that are or were pending in the United States Bankruptcy Courts, which may be related.

**11. <u>Relief</u>:**

Plaintiff seeks $120 million in damages and unclear injunctive relief related to his foreclosed property.

**12. <u>Settlement and ADR</u>:**

Given that Judicial Defendants have moved to dismiss, Judicial Defendants have not discussed ADR with Plaintiff.

**13. <u>Consent to Magistrate Judge For All Purposes</u>:**

Yes.

**14. <u>Other References</u>:**

The case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. <u>Narrowing of Issues</u>:**

The pending motions to dismiss will narrow the issues if not dispose of this case.

**16. <u>Expedited Trial Procedure</u>:**

This case is not appropriate for an expedited trial procedure.

**17. <u>Scheduling</u>:**

Judicial Defendants do not believe setting a schedule is appropriate until the Court rules on Judicial Defendants' motion to dismiss this case.

**8. <u>Trial</u>:**

Plaintiff seeks a jury trial in this matter. (See Cmplt., p. 1.)

**19. <u>Disclosure of Non-party Interested Entities or Persons</u>:**

Because Judicial Defendants work for a governmental entity, they are exempt from this District's disclosure requirements.

**20. <u>Professional Conduct</u>:**

Counsel for Judicial Defendants has reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | |
|---|---|
| | JARVIS, FAY, DOPORTO & GIBSON, LLP |
| Dated: December 3, 2014 | By: _____/s/_____ . <br> Kimberly M. Drake <br> Attorneys for Defendants <br> JUDGE MARLA O. ANDERSON, JUDGE THOMAS W. WILLIS, and TERESA RISI |

# CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

I am a citizen of the United States and employed in the County of Alameda; I am over the age of eighteen years and not a party to the within entitled action; my business address is Jarvis, Fay, Doporto & Gibson, LLP, 492 Ninth Street, Suite 310, Oakland, California 94607.

On December 3, 2014, I served the within:

**CASE MANAGEMENT STATEMENT**

(X)   (By First Class Mail) I caused this envelope, with postage thereon fully prepaid, to be placed in the United States mail to be mailed by First Class mail at Oakland, California, to:

**Daniele Gozzi**
**225 Crossroads Blvd., #199**
**Carmel, CA 93923**

*Plaintiff*
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 3, 2014, at Oakland, California.

/s/
Chelsea Torres