1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIELE GOZZI, | ) Case No.: 5:14-CV-03297-LHK |
| | ) |
| Plaintiff, | ) ORDER GRANTING MOTION TO |
| v. | ) DISMISS AND MOTION TO REMAND |
| | ) |
| COUNTY OF MONTEREY, STATE OF | ) |
| CALIFORNIA, et. al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Daniele Gozzi ("Plaintiff"), brings this action against defendants County of Monterey, State of California; Stephen I. Vagnini, County Recorder-County Clerk; Michael J. Miller, Auditor-Controller; Dean Flippo, District Attorney; Scott Miller, Sheriff-Coroner; Mary A. Zeeb, Treasurer-Tax Collector; Steve Mauck, Risk Management; Irv Grant, Deputy County Counsel; Fernando Armenta, County Supervisor; Louis Calcagno, County Supervisor; Simon Salinas, County Supervisor; Jane Parker, County Supervisor; Dave Potter, County Supervisor; Lew C. Bauman, County Administrator; and Gail T. Borkowski, Clerk of the Board (collectively, "County Defendants") for violations of 42 U.S.C. § 1983. ECF No. 1 ("Compl.").

Plaintiff also names as co-defendants Marla O. Anderson, Presiding Judge of the Superior Court of California, County of Monterey; Thomas W. Wills, Judge of the Superior Court of

1

California, County of Monterey; and Theresa A. Risi, Court Executive Officer for the Superior Court of California, County of Monterey (collectively, "Judicial Defendants"). *Id.*

Plaintiff also names as co-defendants JPMorgan Chase Bank, N.A.; Bryan Cave, LLP; Sharon Weiss; Daniel T. Rockey; Goli Mahdavi; and Ethan Schatz (collectively, "Firm Defendants"). *Id.* Before the Court are the County Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment, ECF No.59 ("Mot. 1"), the Judicial Defendants' Motion to Dismiss, ECF No. 62 ("Mot. 2"), and the Firm Defendants' Motion to Dismiss, ECF No. 64 ("Mot. 3"). Also before the Court is the Firm Defendants' Motion to Remand. ECF No. 73.

Having considered the submissions of the parties and the relevant law, and for good cause shown, the Court hereby GRANTS all the motions to dismiss and the Firm Defendants' motion to remand.

## I.     BACKGROUND

### A.    Factual Background

Although the Complaint omits many relevant facts, the following information can be gathered from the parties' papers and requests for judicial notice. On or around August 10, 2007, Plaintiff and his wife Anita Gozzi borrowed the principal amount of $5.8 million ("Loan") from lender Washington Mutual Bank, F.A. ("Washington Mutual") to purchase real property located at 31549 Highway 1, Carmel, California, 93923 ("Property"). ECF No. 65-1 Ex. A. The California Reconveyance Company ("CRC") acted as Trustee. *Id*. The Loan was secured by a deed of trust against the Property, dated August 10, 2007, and recorded in Monterey County on August 28, 2007. *Id.* The deed of trust bears the notarized signatures of Plaintiff and Anita Gozzi. *Id.* at 19. On September 25, 2008, JP Morgan Chase Bank, N.A. ("Chase") acquired the interest in all of Washington Mutual's loans from the Federal Deposit Insurance Corporation, as Washington Mutual had failed. *See* ECF No. 65-2 Ex. B. On July 26, 2010, CRC, the trustee, caused a notice of default to be recorded which stated that the amount of $96,470.80 was required to reinstate the Loan. ECF No. 65-2 Exs. B & C. On November 3, 2010, CRC caused a notice of trustee's sale to be recorded for the Loan and deed of trust. ECF No. 65-2 Ex. D. CRC's notice of trustee's sale stated that the unpaid balance owed on the Loan was $6,038,792.12. *Id.* On January 10, 2011, a

2

1 trustee's deed upon sale was recorded showing that the Property was sold to Chase on December

2 13, 2010 for $4,013,500.  ECF No. 65-2 Ex. E.

3    On February 8, 2011, Chase filed a complaint for unlawful detainer against Plaintiff in

4 Monterey County Superior Court (the "Unlawful Detainer Case").[1]  ECF No. 65-2 Ex. F.  On June

5 17, 2011, the Monterey County Superior Court issued an order granting summary judgment to

6 Chase to possess the Property against Plaintiff and all occupants, and a writ of possession issued on

7 June 24, 2011.  ECF No. 65-2 Exs. G & H.  On November 3, 2011, Plaintiff filed a chapter 13

8 bankruptcy petition.  ECF No. 65-2 Ex. I.  Chase filed a motion for relief from stay regarding the

9 Property, and the Bankruptcy Court granted the motion on January 3, 2012 and dismissed the

10 bankruptcy petition the following day.  *Id.*

11    A new writ of possession for the Property was filed on January 10, 2012, and three days

12 later Plaintiff filed a second chapter 13 bankruptcy petition.  ECF No. 65-2 Ex. H & ECF No. 65-3

13 Ex. J.  Chase again filed a motion for relief from stay regarding the Property, and the Bankruptcy

14 Court granted the motion on March 23, 2012.  ECF No. 65-3 Ex. J.  A writ of possession for the

15 Property issued on April 2, 2012.  ECF No. 65-2 Ex. H.  Subsequently, Helina K. Patel— a tenant

16 and resident of the Property, and, the Firm Defendants have alleged, Plaintiff's daughter—filed for

17 bankruptcy, which the Bankruptcy Court then dismissed.  *See* ECF No. 65-3, Exs. J & K; Mot. 3 at

18 3. On October 2, 2012, Chase continued its eviction efforts by filing for another writ of possession,

19 which issued on October 17, 2012.  ECF No. 65-2 Ex. H.

20    Plaintiff filed a third bankruptcy petition on January 7, 2013.  ECF No. 65-3 Ex. L.  Since

21 Plaintiff had previously filed for bankruptcy in the past year, Chase received relief from stay

22 automatically thirty days later.[2]  On March 4, 2013, Helina Patel filed a second chapter 13

23 bankruptcy petition as a resident and tenant of the Property.  ECF No. 65-3 Ex. M.  On April 2,

24 2013, Chase obtained an order from the United States Bankruptcy Court granting Chase *in rem*

25 relief from any automatic stay pertaining to the Property for two years.  ECF No. 65-3 Ex. N.

26

27 [1] *JPMorgan Chase Bank, N. A. v. Gozzi*, M110621.

28 [2] Under 11 U.S.C. § 362(c)(3)(A), if a debtor had a previous pending bankruptcy case in the past year that was dismissed, the automatic stay of any act to obtain property from the debtor is terminated 30 days after the filing of the new bankruptcy case.

**United States District Court**
For the Northern District of California

Case No.: 5:14-CV-03297-LHK
ORDER GRANTING MOTION TO DISMISS AND MOTION TO REMAND

United States District Court
For the Northern District of California

1    In the interim, on March 18, 2013, Plaintiff filed a still-active civil action against Chase in

2    Monterey County Superior Court ("Plaintiff's State Civil Case").[3]  ECF No. 63-2 Ex. B.  While

3    Plaintiff's State Civil Case against Chase was pending, a return on writ of possession was executed

4    on April 29, 2014, showing that the Monterey County Sheriff posted a copy of the writ of

5    possession notice on the Property on January 16, 2014.  ECF No. 65-3 Ex. O.  On January 23,

6    2014, Plaintiff filed a fourth chapter 13 bankruptcy petition.[4]  ECF No. 65-3 Ex. P.

7    Another writ of possession was executed on July 23, 2014, showing that Plaintiff was

8    served notice to surrender the property on July 15, 2014.  ECF No. 65-5 Ex. S.  On July 16, 2014,

9    Plaintiff visited the Monterey County Superior Court Clerk's office and asked for the case file for

10   the Unlawful Detainer Case that Chase filed against Plaintiff on February 8, 2011.  Compl. Annex

11   2, at 2.  Plaintiff alleges that he was unable to find in the case file a filed copy of the writ of

12   possession served on Plaintiff the previous day.  *Id.*

13   Plaintiff then asked for a copy of the order to show cause that Plaintiff thought was issued

14   on July 11, 2014 in Plaintiff's State Civil Case.  *Id.*  Plaintiff alleges he was unable to find any

15   order to show cause in the case file of Plaintiff's State Civil Case.  *Id.*  Plaintiff claims he

16   subsequently requested a transcript of the July 11, 2014 hearing in his State Civil Case, and was

17   informed there was no transcript or recording of the hearing.  *Id.*

18   On July 21, 2014, three alleged creditors filed an involuntary chapter 7 bankruptcy petition

19   against Plaintiff in the Central District of California, ECF No. 65-5 Ex. T, and Chase responded the

20   next day by noticing Chase's *in rem* relief from any automatic stays of its proceedings against the

21   Property, ECF No. 65-5 Ex. U.  The writ of possession executed on July 23, 2014 shows that Chase

22   took possession of the Property on July 22, 2014.  ECF No. 65-5 Ex. S.

23   In all, seven bankruptcy actions were filed involving the Property: four petitions filed by

24   Plaintiff, two filed by Plaintiff's tenant and alleged daughter Helina Patel, and an involuntary one

---

[3] *Gozzi v. Wash. Mutual Bank F.A. et al*, M122326.  On July 31, 2014, Plaintiff was ordered to show cause why monetary sanctions or dismissal should not be ordered for Plaintiff's failure to appear at a mandatory settlement conference on July 11, 2014. ECF No. 65-5 Ex. R.
[4] Plaintiff's fourth bankruptcy petition was filed in the Central District of California, whereas Plaintiff and Helina Patel filed their earlier bankruptcy petitions in the Northern District of California. ECF No. 65-3 Ex. P.

Case No.: 5:14-CV-03297-LHK
ORDER GRANTING MOTION TO DISMISS AND MOTION TO REMAND

filed by three alleged creditors of the Plaintiff.  ECF No. 65-2 Ex. I, ECF No. 65-3 Exs. J-M, P, & ECF No. 65-5 Ex. T.

### B.   Procedural History

On July 22, 2014, Plaintiff filed a § 1983 complaint against the County Defendants, Judicial Defendants, and the Firm Defendants.  Compl. ¶¶ 4-27.  Plaintiff alleges that Chase did not have a contract with Plaintiff for the Loan, and that Bryan Cave LLP is not licensed to practice in California.  Compl. ¶ 38.  Plaintiff appears to allege that the County Defendants and Judicial Defendants conspired with Firm Defendants to evict him from his land even though Chase did not have a contract with Plaintiff for the Loan.  Compl. ¶¶ 38, 42.  Plaintiff further alleges that the County Defendants, Judicial Defendants, and the Firm Defendants conspired together to "cover up [their] wrongdoing" by tampering with records, and that bribery was involved.  Compl. ¶¶ 4-21, 35-38, 42-48.  Plaintiff claims that these acts amounted to a violation of his Constitutional due process rights.  Compl. ¶¶ 35, 43.  Plaintiff requested equitable relief in his underlying property dispute, and monetary relief of $120 million.  Compl. ¶ 49.

On August 12, 2014, the County Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment.  Mot. 1.  On August 13, 2014, the Judicial Defendants filed a motion to dismiss.  Mot. 2.  Also on August 13, 2014, the Firm Defendants filed a motion to dismiss.  Mot. 3.  The Judicial Defendants and Firm Defendants further requested that the Court take judicial notice of related documents in support of their respective motions.  ECF No. 63 & ECF No. 65.  On August 19, 2014, Plaintiff filed an "Emergency Ex Parte Application for Default Judgment", "Interlocutory Summary Judgment, Pursuant to Rule 56", "Show Cause Orders", "Writ of Restitution," and "Temporary Restraining Order."  ECF No. 68.  On August 25, 2014, Plaintiff filed a Motion to Compel.  ECF No. 70.  On August 26, 2014, Plaintiff filed a "Motion for Statement of Intent."  ECF No. 75. Plaintiff did not file an explicit opposition or statement of non-opposition to any of the motions to dismiss within 14 days as required under Civil Local Rule 7-3(a), but Plaintiff does refer to "Rule 12(b)(6) fatal defects" in one of his intervening filings.  ECF No. 68-2 Ex. 2, at 5.  Although Plaintiff did not file any explicit opposition, the Judicial Defendants filed a Reply on September 3, 2014.  ECF No. 78.

United States District Court
For the Northern District of California

1    On July 29, 2014, Plaintiff filed a "Notice of Removal of State Action" to remove his two

2    state cases, the Unlawful Detainer Case and Plaintiff's State Civil Case, to federal court and relate

3    them to this case. ECF No. 51.  On August 22, 2014, Plaintiff filed a "Praecipe to Clerk File on

4    Demand" that appears to indicate that Plaintiff believes his current Monterey County Superior

5    Court case has been removed to this Court.  ECF No. 69.  On August 26, 2014, the Firm

6    Defendants filed a Motion to Remand Plaintiff's two state cases, which the Plaintiff has not timely

7    opposed under Civil Local  Rule 7-3(a).  ECF No. 73.  The Firm Defendants further requested that

8    the Court take judicial notice of additional related documents in support of their motion.  ECF No.

9    74.

10    **II.      LEGAL STANDARDS**

11         **A.  Motion to Dismiss Under Rule 12(b)(6)**

12         Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an

13    action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

14    *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

15    plaintiff pleads factual content that allows the court to draw the reasonable inference that the

16    defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a

17    'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

18    unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  For

19    purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the

20    complaint as true and construe[s] the pleadings in the light most favorable to the non-moving

21    party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  "[A]

22    court may generally consider only allegations contained in the pleadings, exhibits attached to the

23    complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756,

24    763 (9th Cir. 2007).  Moreover, pro se pleadings are to be construed liberally. *Haines v. Kerner*,

25    404 U.S. 519, 520 (1972) (per curiam); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

26         However, a court need not accept as true allegations in a complaint contradicted by

27    judicially noticeable facts, and the "court may look beyond the plaintiff's complaint to matters of

28    public record" without converting the Rule 12(b)(6) motion into one for summary judgment.  *See*

6

United States District Court
For the Northern District of California

*Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted); *accord Iqbal*, 556 U.S. at 678. Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish that he cannot prevail on his claim." *Weisbuch v. County of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

**B.  Leave to Amend**

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Furthermore, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Accordingly, leave to amend generally should be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**III.   DISCUSSION**

**A.  Request for Judicial Notice**

7

1    The Judicial Defendants and the Firm Defendants have each requested judicial notice of

2    various documents in support of their motions to dismiss.  Although a district court generally may

3    not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may

4    take judicial notice of documents referenced in the complaint, as well as matters in the public

5    record, without converting a motion to dismiss into one for summary judgment.  *See Lee v. City of*

6    *L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) *overruled on other grounds by Galbraith v. County of*

7    *Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).  In addition, the Court may take judicial

8    notice of matters that are either "generally known within the trial court's territorial jurisdiction" or

9    "can be accurately and readily determined from sources whose accuracy cannot reasonably be

10   questioned." Fed. R. Evid. 201(b).  Public records, including judgments and other court

11   documents, are proper subjects of judicial notice.  *See, e.g., United States v. Black*, 482 F.3d 1035,

12   1041 (9th Cir. 2007).  Records filed with a county recorder or obtained from administrative

13   agencies are also judicially noticeable.  *See Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

14   The Judicial Defendants request judicial notice of case detail web pages of Monterey

15   County Superior Court Case No. M110621 (the Unlawful Detainer Case) and Monterey County

16   Superior Court Case No. M122326 (Plaintiff's State Civil Case) from the Superior Court's website.

17   ECF No. 63.  Plaintiff has not opposed this request.  The Court takes judicial notice of these web

18   pages because the case details are public records from a government website detailing court

19   proceedings, and the cases are relevant to this action.  *See Dawson v. Mahoney*, 451 F.3d 550, 551

20   n.1 (9th Cir. 2006) (allowing for judicial notice in federal court of state court orders and

21   proceedings); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (allowing

22   judicial notice of publicly-available information on state websites where neither party disputed the

23   accuracy).

24   The Firm Defendants also request judicial notice of numerous relevant records in related

25   bankruptcy proceedings, related state court cases, or documents involving ownership of the

26   Property.  *See* ECF No. 65.  Plaintiff has not opposed this request.  The Court takes judicial notice

27   of Exhibits A, C-E and N because they are all filed with the County Recorder, and Exhibit W

28   because it is filed with the California Secretary of State, these being documents of which courts

United States District Court
For the Northern District of California

routinely take judicial notice.  *See, e.g., Liebelt v. Quality Loan Serv. Corp.*, No. 09-CV-05867-LHK, 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb. 24, 2011) (taking judicial notice of trustee's deed upon sale); *Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1196 (E.D. Cal. 2010) (taking notice of publicly-recorded documents related to foreclosure).  The Court takes judicial notice of Exhibits F-H, O, R-S, and V as official records in state court proceedings filed in Monterey County Superior Court.  *See Dawson* 451 F.3d at 551.  However, the Court does not take judicial notice of Exhibit Q, as this document is a fax from Bryan Cave LLP to the Monterey County Superior Court and is not an official court record.  *See Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 793 F. Supp. 2d 1138, 1146 n.12 (C.D. Cal. 2011) (denying judicial notice of documents which were not official court records or orders).  The Court also takes judicial notice of Exhibits I-M, P, and T-U as related bankruptcy proceedings involving the occupants of the Property central to this case.  *See Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1048 n.3 (9th Cir. 2001) (taking judicial notice of related federal bankruptcy court proceedings).  Finally, the Court takes judicial notice of Exhibit B because it is a relevant document published by the federal government, a matter of public record, and its accuracy cannot reasonably be questioned. *Bracamontes v. Chase Home Fin. LLC*, No. 10-CV-03888-LHK, 2011 WL 332527, at *5 n.2 (N.D. Cal. Jan. 31, 2011) (taking judicial notice of a government publication of purchase agreement of Washington Mutual by Chase).

The Firm Defendants further request judicial notice of numerous relevant records in support of their motion to remand.  *See* ECF No. 74.  Most of the documents are the same documents in ECF No. 65, with ECF No. 65 Exhibits A-U corresponding with ECF No. 74 Exhibits A-U.  The Court takes judicial notice of ECF No. 74 Exhibits A-P and S-U for the same reasons given above.  The Court also takes judicial notice of ECF No. 74 Exhibit V as it is an official record in a state court proceeding, and the type of document of which judicial notice is typically taken.  *See Dawson* 451 F.3d at 551.

**B.  Motion to Dismiss**

While all defendants base their motions to dismiss at least in part on the failure of Plaintiff to state a plausible claim, the Judicial Defendants and Firm Defendants raise additional grounds for

9

1 | dismissal that would make amendment futile.  Therefore, the Court first addresses the arguments

2 | that would make amendment futile.  The Court then addresses whether Plaintiff has stated a

3 | plausible claim against the remaining defendants.

### 1. Judicial Immunity

5 | The Judicial Defendants argue that Plaintiff's § 1983 claim against them is barred by

6 | Eleventh Amendment sovereign immunity, judicial immunity, and quasi-judicial immunity.  Mot. 2

7 | at 6-7, 9-10.  The Judicial Defendants further assert that the *Rooker-Feldman* doctrine or the

8 | doctrine of *Younger* abstention bars Plaintiff's § 1983 claim.  Mot. at 7-8.  The Court finds that

9 | judicial and quasi-judicial immunity apply here, and therefore does not address the Judicial

10 | Defendants' other arguments.

11 | "Few doctrines [are] more solidly established at common law than the immunity of judges

12 | from liability for damages for acts committed within their judicial jurisdiction."  *Pierson v. Ray*,

13 | 386 U.S. 547, 553-54 (1967), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800

14 | (1982).  "Judges and those performing judge-like functions are absolutely immune from damage

15 | liability for acts performed in their official capacities."  *Ashelman v. Pope*, 793 F.2d 1072, 1075

16 | (9th Cir. 1986) (finding state judge immune from damages where plaintiff alleged conspiracy

17 | between prosecutor and judge to determine the outcome in a criminal case).  In addition, 28 U.S.C.

18 | § 1983 provides immunity for judicial officers acting in their judicial capacity for injunctive relief

19 | "unless a declaratory decree was violated or declaratory relief was unavailable."  Judicial immunity

20 | applies "'however erroneous the act may have been, and however injurious in its consequences it

21 | may have proved to the plaintiff.'"  *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (quoting

22 | *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)).  The reason for the doctrine of judicial immunity is to

23 | preserve the integrity of the judicial process: a judge "should not have to fear that unsatisfied

24 | litigants may hound him with litigation charging malice or corruption.  Imposing such a burden on

25 | judges would contribute not to principled and fearless decision[-]making but to intimidation."

26 | *Pierson*, 386 U.S. at 554.  Moreover, judicial immunity extends to court clerks as "quasi-judicial

27 | immunity" when court clerks "perform tasks that are an integral part of the judicial process."

28 | *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987).  Judicial immunity is not

**United States District Court**
For the Northern District of California

10

1    limitless: it does not apply where the judge performs an act that is not "judicial" in nature, or where

2    there is a clear absence of the judge's jurisdiction.  *Ashelman*, 793 F.2d at 1075.

3         The Court finds that judicial and quasi-judicial immunity bar Plaintiff's § 1983 claim

4    against the Judicial Defendants.  Both state court judges oversaw cases that involved state claims

5    filed in Monterey County Superior Court, and both cases involved property located in the county

6    and parties residing in the county or doing related business in the county.  Therefore, because the

7    state judges had personal and subject matter jurisdiction over the lawsuit, jurisdiction is established

8    for the purposes of judicial immunity.  *Ashelman*, 793 F.2d at 1076.

9         As to whether the acts of the Judicial Defendants were "judicial" in nature, Plaintiff only

10   alleges that the Judicial Defendants violated his constitutional rights by acting in their official

11   roles.  Compl. ¶¶ 36, 38, 41-42.  Plaintiff's § 1983 claim against the Superior Court judges appears

12   to be predicated solely on the judges' rulings against Plaintiff in state court proceedings, Compl. ¶¶

13   36, 38, which falls squarely within the realm of judicial action, *Sellars v. Procunier*, 641 F.2d

14   1295, 1300 (9th Cir. 1981).

15        In addition, Plaintiff's § 1983 claim against the court clerks is based on Plaintiff's

16   allegation that the staff tampered with court records.  Compl. ¶¶ 36, 38.  But court clerks have

17   quasi-judicial immunity for tasks that can be considered "administrative acts," including

18   maintaining court records.  *In re Castillo*, 297 F.3d 940, 951-52 (9th Cir. 2002); *see also Mullis*,

19   828 F.2d at 1390 (finding clerk has judicial immunity for the filing of documents).

20        There is no suggestion that the Judicial Defendants harmed the Plaintiff by any non-judicial

21   act.  Moreover, even if the Judicial Defendants had acted corruptly and received bribes, as Plaintiff

22   appears to allege, they would still be immune from Plaintiff's § 1983 claim.  *Dennis v. Sparks*, 449

23   U.S. 24, 27 (1980) (finding judge was properly dismissed from § 1983 case on immunity grounds

24   where bribery alleged between private parties and the judge); *Cleavinger* 474 U.S. at 199-200

25   ("immunity applies 'however erroneous the act may have been, and however injurious in its

26   consequences it may have proved to the plaintiff'.").  Therefore, even if Plaintiff's allegations were

27   found true, judicial and quasi-judicial immunity apply.  Finally, Plaintiff does not allege, nor is

28

United States District Court
For the Northern District of California

11

1  there anything in his Complaint to support an inference, that a declaratory decree was violated, or

2  that declaratory relief was unavailable.

3        For the reasons stated above, the Court GRANTS the Judicial Defendants' motion to

4  dismiss.  Because Plaintiff's § 1983 claim against the Judicial Defendants is foreclosed as a matter

5  of law by judicial and quasi-judicial immunity, granting Plaintiff leave to amend would be futile.

6  The Court therefore dismisses Plaintiff's § 1983 claim against the Judicial Defendants with

7  prejudice. *See Leadsinger*, 512 F.3d at 532; Fed. R. Civ. Proc. 15(a).

8            **2.  *Res Judicata***

9        The Firm Defendants argue that Plaintiff's § 1983 claim against them is barred by the

10  doctrine of *res judicata*.  Mot. 3 at 11-13.  The Firm Defendants argue that any harm caused by

11  wrongful eviction proceedings is prohibited by the preclusive effect of the state court judgment in

12  the Unlawful Detainer Case.  *Id.*

13        "*Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of any

14  claims that were raised or could have been raised in the prior action."  *W. Radio Servs. Co. v.*

15  *Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).   "The preclusive effect of a state court judgment

16  in a subsequent federal lawsuit generally is determined by the full faith and credit statute, which

17  provides that state judicial proceedings 'shall have the same full faith and credit in every court

18  within the United States . . . as they have by law or usage in the courts of such State . . . from which

19  they are taken.'"  *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (citing

20  28 U.S.C. § 1738).  Under California law, a final judgment of a state court "precludes further

21  proceedings if they are based on the same cause of action." *Maldonado v. Harris*, 370 F.3d 945,

22  951 (9th Cir. 2004).  "California courts employ the 'primary rights' theory to determine what

23  constitutes the same cause of action for claim preclusion purposes."  *Id.*  Under this theory, "a

24  cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty

25  devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of

26  such primary right and duty."  *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758,

27  762 (9th Cir. 2003).  "[I]f two actions involve the same injury to the plaintiff and the same wrong

28  by the defendant, then the same primary right is at stake even if in the second suit the plaintiff

12

**United States District Court**
For the Northern District of California

1  pleads different theories of recovery, seeks different forms of relief and/or adds new facts

2  supporting recovery." *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983).

3  To the extent that Plaintiff is seeking a new ruling from this Court on his eviction

4  proceeding, this is the same cause of action previously decided in Plaintiff's Unlawful Detainer

5  Case. The two actions involve the same injury to the Plaintiff—the foreclosure and attempted

6  eviction—and the same alleged wrong—alleged wrongful foreclosure. *See* ECF No. 65-2 Ex. G.

7  Accordingly, the "same primary right is at stake even if in the second suit the plaintiff pleads

8  different theories of recovery, seeks different forms of relief and/or adds new facts supporting

9  recovery." *Eichman*, 147 Cal. App. 3d at 1174. Therefore, the Court cannot review or revisit this

10  decision, and to the extent Plaintiff seeks review of the Unlawful Detainer Case, the Court

11  DISMISSES Plaintiff's claim with prejudice.

12  However, to the extent Plaintiff alleges that the Firm Defendants and County Defendants

13  violated his due process rights under § 1983 by corrupting the judicial process in the eviction

14  proceeding, that would be a separate claim which is not barred by *res judicata*. Plaintiff has asked

15  for damages for due process violations alleged to have occurred in the earlier state court

16  proceeding. If Plaintiff prevails on this § 1983 claim, Plaintiff could receive financial

17  compensation for his harm without disturbing the state court judgment. Further, Plaintiff seeks to

18  present what Plaintiff contends is new evidence of improprieties in those earlier proceedings. *See*

19  Compl. Annex 2. Specifically, Plaintiff appears to claim that when Plaintiff visited the Monterey

20  County Superior Court Clerk's office on July 16, 2014 (over three years after the Unlawful

21  Detainer Case ended), Plaintiff discovered that certain documents were missing from his case file.

22  *Id*. Plaintiff appears to allege that the cause of these missing documents was bribery by the Firm

23  Defendants. *See* Compl. ¶¶ 35, 43, 48. Moreover, Plaintiff here seeks a remedy for violation of his

24  constitutional due process rights, which differs from Plaintiff's right to the Property litigated in the

25  state court. Compl. ¶¶ 41-42. Finally, Plaintiff points to transactions—the Firm Defendants'

26  alleged bribery of the County Defendants in relation to the state court proceedings—that differ

27  from the interactions between Plaintiff, Chase and Washington Mutual that formed the Unlawful

28  Detainer Case's nucleus of facts. *See* Compl. Annex 2. Therefore, since none of the *Costantini*

13

factors apply to the § 1983 claim against the Firm Defendants and County Defendants, this claim is not barred by *res judicata*. In addition, because Plaintiff alleges he did not discover the alleged evidence that supports his § 1983 claim against the Firm Defendants and County Defendants until three years after the Unlawful Detainer Case ended, Plaintiff could not have brought his § 1983 claim in the earlier proceeding.

For the reasons stated above, the Court GRANTS the Firm Defendants' motion to dismiss on the basis of *res judicata* to the extent that Plaintiff seeks review of the Unlawful Detainer Case. However, the Court DENIES the Firm Defendants' motion to dismiss Plaintiff's § 1983 claim of corruption on the basis of *res judicata*.

### 3. Statute of Limitations

The Firm Defendants have also argued that Plaintiff's § 1983 claim is barred by the statute of limitations. Mot. 3 at 13-14. For a claim under § 1983, a court "appl[ies] the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). At the time Plaintiff filed his case, the applicable statute of limitations in California for personal injury actions was two years. Cal. Civ. Proc. Code § 335.1. Here, Plaintiff's Unlawful Detainer Case ended in summary judgment on June 17, 2011. ECF No. 65 Ex. G. Plaintiff filed the Complaint in this case on July 22, 2014. *See* ECF No. 1. Therefore, to the extent Plaintiff is attempting to challenge the result in the Unlawful Detainer Case, it is not only barred by *res judicata*, as noted in Part III.B.2, *supra*, but the claim is also barred under the applicable statute of limitations. Accordingly, to the extent Plaintiff seeks review of his Unlawful Detainer Case, the Court GRANTS the Firm Defendants' Motion to Dismiss on the grounds that the applicable statute of limitations has run.

However, Plaintiff appears to make a separate § 1983 claim against the Firm Defendants and County Defendants, alleging that the Firm Defendants bribed the County Defendants in connection with the Unlawful Detainer Case. Compl. ¶¶ 41-42. Plaintiff also indicates in his Complaint that at least some of these violations occurred around July 2014. Compl. ¶ 36, Ex. 2. Consequentially, Plaintiff has made his § 1983 claim within the two year statute of limitations.

1    Therefore, the Court DENIES the Firm Defendants' motion to dismiss Plaintiff's § 1983 claim of

2    corruption for failure to state a claim within the statute of limitations.

3                              **4.  Litigation Privilege**

4           The Firm Defendants have argued that Plaintiff's claim against the four attorneys working

5    for Bryan Cave LLP should be dismissed because the lawyers are protected by California's

6    litigation privilege.  Mot. 3 at 15-17.  In California, the litigation privilege applies to any

7    "publication or broadcast" made in any "judicial proceeding."  Cal. Civ. Code § 47.  The privilege

8    "protects attorneys, judges, jurors, witnesses, and other court personnel" for statements made in

9    judicial proceedings.  *Mattco Forge, Inc. v. Arthur Young & Co.*, 6 Cal. Rptr. 2d 781, 787 (Ct.

10   App. 1992).  "[T]he privilege applies to any communication (1) made in judicial or quasi-judicial

11   proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of

12   the litigation; and (4) that have some connection or logical relation to the action."  *Silberg v.*

13   *Anderson*, 786 P.2d 365, 369 (Cal. 1990).

14          However, "[c]onduct by persons acting under color of state law which is wrongful under 42

15   U.S.C. § 1983 or § 1985(3) cannot be immunized by state law."  *Howlett v. Rose*, 496 U.S. 356, 357

16   (1990) (quoting *Martinez v. California*, 444 U.S. 277, 284 n.8 (1980)).  To the extent Plaintiff

17   alleges that the attorneys violated § 1983 by conspiring to cover up wrongdoing, the attorneys have

18   no litigation immunity for this claim.  *Kimes v. Stone*, 84 F.3d 1121, 1126-28 (9th Cir. 1996)

19   (finding no immunity for attorneys under Cal. Civ. Code §47(b) where those attorneys conspired

20   with a judge to deprive someone of their constitutional rights).  If, as Plaintiff alleges, the four

21   attorneys working for Bryan Cave LLP actually bribed state court judges and county officials to

22   obtain the Property without proper due process, this would be analogous to the situation

23   contemplated in *Kines*.  84 F.3d at 1126-28.  Furthermore, if attorneys actually bribed judicial

24   officers, such an act would be under color of law because it would be a joint act in concert with the

25   courts.  *Dennis v. Sparks*, 449 U.S. 24, 28-29 (1980) (finding that private co-conspirators who

26   conspired with and bribed a judge were joint actors acting under color of law).  Such acts, if true,

27   could not receive immunity since they would be wrongful under 42 U.S.C. § 1983.  *Howlett*, 496

28

Case No.: 5:14-CV-03297-LHK
ORDER GRANTING MOTION TO DISMISS AND MOTION TO REMAND

*United States District Court*
For the Northern District of California

United States District Court
For the Northern District of California

U.S. at 357.  The Court therefore DENIES the Firm Defendants' motion to dismiss on the grounds of litigation immunity.

### 5.  Failure to State a Claim

Finally, both the Firm Defendants and the County Defendants argue that Plaintiff has failed to state a plausible claim.  Plaintiff sues the Firm Defendants and County Defendants in their individual and official capacities, alleging harm under § 1983.  Compl. ¶¶ 4-10, 12, 14-20, 22-27, 41.  However, Plaintiff also notes that 42 U.S.C. §§ 1981, 1985, 1986 are "involved in this action."  Compl. ¶ 35.  The Court, liberally construing the complaint of a pro se plaintiff, thus addresses Plaintiff's claim under these statutes, as well as Plaintiff's § 1983 claim.

### a.  Plaintiff's Claim Under 42 U.S.C. § 1981

42 U.S.C. § 1981 provides a "statement of equal rights" that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ."  42 U.S.C. § 1981.  Section 1981 is "meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race."  *Gratz v. Bollinger*, 539 U.S. 244, 276 n.23 (2003); *Runyon v. McCrary*, 427 U.S. 160, 168 (1976).  Even liberally construed, Plaintiff does not allege any form of discrimination in his Complaint.  The Court therefore GRANTS the Firm Defendants' and County Defendants' motion to dismiss Plaintiff's § 1981 claim.

### b.  Plaintiff's Claim Under 42 U.S.C. §§ 1985-86

There are three subsections of § 1985 under which a plaintiff may make a claim.  Section 1985(1) provides as follows:

> If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

Case No.: 5:14-CV-03297-LHK
ORDER GRANTING MOTION TO DISMISS AND MOTION TO REMAND

42 U.S.C. § 1985(1). Section 1985(1) protection is exclusively reserved for the benefit of federal officers. *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981). Because Plaintiff is not a federal officer, he cannot claim protection under this statute.

Section 1985(2) has two separate clauses as follows:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness *in any court of the United States* from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; *or* if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice *in any State or Territory*, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

42 U.S.C. § 1985(2) (emphasis added). The first clause ("in any court of the United States") applies to obstruction of justice in the federal courts, and the second clause ("in any State or Territory") applies to obstruction of justice in the state courts. *Portman v. County of Santa Clara*, 995 F.2d 898, 908-09 (9th Cir. 1993). Since Plaintiff's Complaint only involves alleged obstruction of justice in the state courts, the second clause applies here. However, the second clause applies where there is "intent to deny to any citizen the *equal protection of the laws* . . . ." 42 U.S.C. § 1985(2) (emphasis added). The "'equal protection' language of the second clause of section 1985(2) [requires] an allegation of class-based animus for the statement of a claim under that clause." *Bretz v. Kelman*, 773 F.2d 1026, 1030 (9th Cir. 1985). Plaintiff alleges no form of class-based discrimination, and therefore Plaintiff fails to state a claim under § 1985(2).

Similarly, the third subsection of § 1985 requires deprivation of "equal protection of the laws." 42 U.S.C. § 1985(3). As with § 1985(2), § 1985(3) also requires allegations of class-based discrimination. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) ("The language [of section 1985(3)] requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."). Plaintiff alleges no form of class-based discrimination, and therefore Plaintiff fails to state a proper § 1985(3) claim.

17

1    Under 42 U.S.C. § 1986, a person is liable who "ha[s] knowledge that any of the wrongs

2    conspired to be done, and mentioned in § 1985 of this title, are about to be committed, and ha[s]

3    power to prevent or aid in preventing the commission of the same, [but] neglects or refuses so to do

4    . . . ." 42 U.S.C. § 1986. There is no cause of action under § 1986 absent a valid claim for relief

5    under § 1985. *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985). Since Plaintiff fails to

6    state a claim under § 1985, Plaintiff has no valid claim under § 1986 either. The Court therefore

7    GRANTS the Firm Defendants' and County Defendants' motions to dismiss with regards to

8    Plaintiff's §§ 1985 and 1986 claims.

9                        **c. Plaintiff's Claim Under 42 U.S.C. § 1983**

10    Under § 1983, Plaintiff must: (1) allege a violation of a right secured by the Constitution or

11    laws of the United States, and (2) show that the alleged deprivation was committed by a person

12    acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). State officials acting in their

13    official capacities generally are held to act under color of law, "whether they act in accordance with

14    their authority or misuse it." *Hafer v. Melo*, 502 U.S. 21, 28 (1991). Private parties do not

15    generally act under color of law, and there is a "presumption that private conduct does not

16    constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835

17    (9th Cir. 1999). The Firm Defendants move to dismiss Plaintiff's Complaint on the grounds that

18    they, as private actors, did not act under color of law. Mot. 3 at 7. The Court addresses this

19    argument before addressing the general sufficiency of Plaintiff's allegations.

20                        **i.  Whether private actors acted under color of law**

21    There are four ways to identify when a private actor's conduct qualifies as state action for

22    purposes of § 1983: (1) the private actor performs a public function; (2) the private actor engages

23    in joint activity with a state actor; (3) the private actor is subject to governmental compulsion or

24    coercion; or (4) there is a governmental nexus with the private actor. *See Gorenc v. Salt River*

25    *Project Agric. Imp. and Power Dist.*, 869 F.2d 503, 506-09 (9th Cir. 1989); *Kirtley v. Rainey*, 326

26    F.3d 1088, 1092-96 (9th Cir. 2003).

27    "Under the public function test, when private individuals or groups are endowed by the

28    State with powers or functions governmental in nature, they become agencies or instrumentalities

18

of the State and subject to its constitutional limitations." *Kirtley*, 326 F.3d at 1093 (internal quotation marks omitted). The public function test asks "whether the function performed has been traditionally the exclusive prerogative of the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (internal quotation marks omitted).  The joint action test "examine[s] whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002) (internal quotation marks omitted).  "A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was 'a willful participant in joint action with the State or its agents.'" *Id.* (quoting *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989)).  The state compulsion test inquires whether the state "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must . . . be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).  Finally, the governmental nexus test focuses on whether "a sufficiently close nexus [exists] between the state and the private actor 'so that the action of the latter may be fairly treated as that of the State itself.'" *Jensen v. Lane County*, 222 F.3d 570, 575 (9th Cir. 2000) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974)).

Plaintiff alleges that Chase acted under the color of law "because defendant is a corporation required to comply with all laws, regulations, procedures, national settlements, in particular being represented by a properly licensed legal representative in California state courts."  Compl. ¶ 27. Plaintiff alleges that Bryan Cave LLP acted under color of law because it is not licensed to practice law in California.  *Id.* ¶ 22.  Similarly, Plaintiff alleges that the four attorneys working for Bryan Cave LLP acted under color of law by working for an unlicensed firm.[5]  *Id.* ¶¶ 23-26.

The Court finds that many of Plaintiff's allegations are insufficient to establish that the Firm Defendants acted under color of law.  Mere incorporation does not bestow a corporation or partnership with any state powers or governmental function for purposes of § 1983 liability.  *See Mistriel v. Kern County*, No. 1:03-CV-06922-AWI, 2011 WL 864495, at *9 (E.D. Cal. Mar. 10,

---

[5] The Court notes that Bryan Cave, LLP has been registered with the California Secretary of State as a foreign limited liability partnership since 1995. ECF No. 65 Ex. W.  The Court also notes that the four attorneys named in Plaintiff's complaint are licensed to practice law in California.  *See* Mot. 3 at 15 n.7.

Case No.: 5:14-CV-03297-LHK
ORDER GRANTING MOTION TO DISMISS AND MOTION TO REMAND

2011) ("Generally, a private business has no authority to act under color of state law.").  Moreover, although lawyers are licensed by the state, this licensing does not bestow any special state-possessed powers such that attorneys are deemed to have acted under color of law.  *Sinclair v. Spatocco*, 452 F.2d 1213, 1213 (9th Cir. 1971) ("Services performed by an attorney in connection with a lawsuit do not constitute action under color of state law."); *see also Polk County. v. Dodson*, 454 U.S. 312, 319 n.9 (1981) ("Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'") (quoting *In re Griffiths*, 413 U.S. 717, 729 (1973)).  Additionally, the Firm Defendants' actions in the eviction proceedings were not compelled by the state, but rather were initiated by Chase and its counsel independently.  Finally, no nexus exists between any of the Firm Defendants and the state indicating their actions in the eviction proceedings were attributable to the state.

However, Plaintiff does make other allegations that Plaintiff has been "denied access to untampered with[,] non bribed judicial process."  Compl. ¶¶ 43, 48.  Plaintiff also alleges bribery by unnamed banks.  *Id.* ¶ 35.  Construing these claims in the light most favorable to Plaintiff, Plaintiff appears to state a claim that the Firm Defendants conspired with and bribed the County Defendants in order to achieve a favorable outcome in the state court proceedings.  Such an act, if true, would be sufficient to satisfy the § 1983 "color of law" requirement by showing joint action.  *Dennis*, 449 U.S. at 28-29.  Therefore, the Court finds Plaintiff's Complaint, liberally construed, alleges that the Firm Defendants acted under color of law.

### ii.    Sufficiency of Plaintiff's § 1983 claim

The Court finds that Plaintiff has not sufficiently pled his claim under § 1983 to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  First, to the extent Plaintiff alleges a conspiracy to deprive him of his Constitutional rights, Plaintiff's Complaint sets out no facts showing such a conspiracy.  "To prove a conspiracy between the state and private parties under § 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights."  *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (internal quotation marks omitted).  This agreement or meeting of the minds may be inferred on the basis of circumstantial evidence, such as the actions of the defendants.  *Mendocino*

20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999).  Here, Plaintiff has failed to identify any agreement between the Firm Defendants and any state defendant to violate Plaintiff's constitutional rights.  This falls short of pleading a proper § 1983 conspiracy to survive a motion to dismiss.  *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929-30 (9th Cir. 2004) (affirming a motion to dismiss §§ 1983 and 1985 claims where the plaintiff failed to discuss any agreement between the defendants).

Second, Plaintiff's § 1983 claim lacks sufficient factual support.  Plaintiff's bare allegations of bribery are insufficient to be considered properly pled.  *See Petersen v. Browne*, C 12-3607 SI, 2013 WL 1615774 at *4 (N.D. Cal. Apr. 15, 2013) (finding a single allegation of bribery in a RICO claim did not provide factual basis beyond the speculative level).  Moreover, Plaintiff points to no evidence that would make his bribery claims plausible.  Plaintiff appears to rest his bribery contention on two allegations.  First, a filed writ of possession was allegedly missing from the Unlawful Detainer Case file, and the case file only contained a return of writ.  Compl. Annex 2 ¶ 5.  Second, the Monterey County Clerk's Office could not find an order to show cause, or a recording of a hearing on July 11, 2014 in Plaintiff's State Civil Case.  Compl. Annex 2 ¶¶ 6-9.  However, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Therefore, Plaintiff's claim that bribery caused the clerk's office to misplace the documents is pure speculation, and Plaintiff has not advanced any further facts to support his contentions.  For these reasons, the Court GRANTS the Firm Defendants' and County Defendants' motions to dismiss Plaintiff's § 1983 claim.[6]

With respect to leave to amend, "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks omitted).  Here, Plaintiff may be able to cure the deficiencies with respect to his § 1983

---

[6] The County Defendants have also request that the Court grant them summary judgment in the alternative. *See* ECF No. 59. Because the Court dismisses Plaintiff's claim against the County Defendants, their motion for summary judgment in the alternative is DENIED as moot.

claim by alleging additional supporting facts.  Therefore the Court dismisses this claim as to the County Defendants and the Firm Defendants with leave to amend.

### C. Motion to Remand

Plaintiff's "Notice of Removal of State Action" indicates that he sought to remove his two state cases, the Unlawful Detainer Case and Plaintiff's State Civil Case. *See* ECF No. 51. The Firm Defendants argue in their Motion to Remand that Plaintiff's removal of both actions is improper. ECF No. 73 at 6-9.

The Court finds that Plaintiff's removal of the Unlawful Detainer Case was improper, for several reasons.  First, Plaintiff's notice of removal indicates that Plaintiff, as the defendant in his Unlawful Detainer Case, removed his case on the basis of federal question jurisdiction. *See* ECF No. 51, at 1 (citing as basis for removal the "violation of civil rights under 28 USC section 1443"). However, the Unlawful Detainer Case alleged a single cause of action pursuant to California Code of Civil Procedure § 1161.  *See* ECF No. 65-2 Ex. F.  An unlawful detainer cause of action does not raise a federal question and thus cannot confer federal question jurisdiction.  *See JP Morgan Chase Bank, N.A. v. Worrell*, No. 14-CV-00098-LHK, 2014 WL 3884071, at *3 (N.D. Cal. Aug. 6, 2014) (remanding unlawful detainer action to state court based on lack of federal question jurisdiction); *Litton Loan Servicing, L.P. v. Villegas,* Case No. 10-05478, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (same); *Partners v. Gonzalez,* Case No. 10-02598, 2010 WL 3447678, at *2–3 (N.D. Cal. Aug. 30, 2010) (same).  Thus, Plaintiff's removal of the Unlawful Detainer Case was improper.

Second, even assuming for the purposes of argument that there was federal question jurisdiction, Plaintiff has waived his right to remove the Unlawful Detainer Case.  A party, usually the defendant, "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994).  A party can manifest an intent to waive the right to removal by, among other things, "continued pursuit of summary judgment." *Migis v. AutoZone, Inc.*, CIV 08-1394, 2009 WL 1951799, at *5 (D. Or. July 2, 2009).  Here,

22

**United States District Court**
For the Northern District of California

1    Plaintiff filed a cross-motion for summary judgment against Chase in Monterey County Superior

2    Court in his Unlawful Detainer Case on May 6, 2011.  ECF No. 65-2 Ex. H.  Therefore, pursuant to

3    the Ninth Circuit's opinion in *Resolution Trust Corp.*, Plaintiff evinced "actions in state court that

4    manifest his . . . intent to have the matter adjudicated there," and thereby "abandon[ed] his . . . right

5    to a federal forum" with respect to the Unlawful Detainer Case.  43 F.3d at 1240.

6           Finally, again assuming for purposes of argument that there was federal question

7    jurisdiction, Plaintiff's notice of removal of his Unlawful Detainer Case was untimely.  Plaintiff

8    could have had two 30-day windows in which to remove his Unlawful Detainer Case to federal

9    court.  First, Plaintiff could have removed the case within 30 days after Plaintiff received the initial

10   pleading.  28 U.S.C. § 1446(b)(1).  Second, if it was not apparent from the face of the complaint

11   that the case was removable, then Plaintiff must have removed the case within 30 days of when

12   Plaintiff received an amended pleading, motion, order or other paper "'from which it may first be

13   ascertained the case is one which is or has become removable.'"  *Harris v. Bankers Life & Cas.*

14   *Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)(3)).  Notice of removability is

15   determined by the "four corners of the applicable pleadings, not through subjective knowledge or a

16   duty to make further inquiry."  *Id.* at 694.  Here, the Unlawful Detainer Case was originally filed

17   on February 8, 2011, which means Plaintiff, assuming there was federal question jurisdiction, had

18   to remove the Unlawful Detainer Case within 30 days of that date.  However, Plaintiff filed his

19   notice of removal on July 29, 2014, more than three years after the complaint in the Unlawful

20   Detainer Case was filed.  *See* ECF No. 51.  Moreover, during those three years, the Unlawful

21   Detainer Case was never amended to become removable.  Therefore, Plaintiff's notice of removal

22   was not timely.

23          As to Plaintiff's State Civil Case against Chase, the Firm Defendants argue that the State

24   Civil Case cannot be removed to federal court because Plaintiff is not a defendant in that case.

25   ECF No. 73 at 9-10.  "[O]nly a 'defendant' may remove [an] action to federal court."  *Bush v.*

26   *Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005); 28 U.S.C. § 1441.  Plaintiff therefore cannot

27   remove his own case to federal court after filing it in state court.  Accordingly, the Court GRANTS

28   the Firm Defendants' Motion to Remand both state cases.

23

United States District Court
For the Northern District of California

1

**IV.    CONCLUSION**

2   For the reasons discussed above, the Court:

3   1.      GRANTS the Judicial Defendants' Motion to Dismiss without leave to amend;

4   2.      GRANTS the Firm Defendants' Motion to Dismiss without leave to amend to the extent

5   Plaintiff seeks to re-litigate his Unlawful Detainer Case;

6   3.      GRANTS the Firm Defendants' Motion to Dismiss Plaintiff's § 1983 claim of corruption,

7   with leave to amend;

8   4.      GRANTS the County Defendants' Motion to Dismiss Plaintiff's § 1983 claim of

9   corruption, with leave to amend;

10  5.      GRANTS the Firm Defendants' Motion to Remand both state cases.

11         Should Plaintiff elect to file an amended complaint to cure the identified deficiencies in

12  Plaintiff's § 1983 claim against the Firm Defendants and County Defendants, Plaintiff shall do so

13  within thirty (30) days of the date of this Order.  Failure to meet the thirty-day deadline to file an

14  amended complaint, or failure to cure the deficiencies identified in this Order, will result in a

15  dismissal with prejudice.  Plaintiff may not add new causes of actions or parties without leave of

16  the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

17

18

19  **IT IS SO ORDERED.**

20

21  Dated: December 10, 2014

*Lucy H. Koh*

22                                                                  LUCY H. KOH
                                                                    United States District Judge

23

24

25

26

27

28

Case No.: 5:14-CV-03297-LHK
ORDER GRANTING MOTION TO DISMISS AND MOTION TO REMAND